George Martin **BRADLEY**, **Jr.**, **Appellant**,

v.

**UNITED STATES of America,**
Appellee.

No. 17965.

United States Court of Appeals
Eighth Circuit.

June 25, 1965.

George M. Bradley, pro se.

Donald A. Wine, U. S. Atty., Philip T. Riley, Jerry E. Williams, Asst. U. S. Attys., Des Moines, Iowa, filed printed brief for appellee.

Before VAN OOSTERHOUT, BLACK-MUN, and MEHAFFY, Circuit Judges.

PER CURIAM.

George Martin Bradley, Jr. appeals pro se from an order of Judge Stephenson denying him relief under 28 U.S.C. § 2255 without a hearing. He contends that he was deprived of due process of law in that (a) he was not competent to stand trial; (b) he was not given a proper hearing to determine his competency to stand trial; (c) the government failed to sustain its burden of proving that he was sane at the time of the alleged offense; (d) he was not competent at the time of sentencing; and (e) his court-appointed counsel negligently and incompetently represented him.

An examination of the district court records reveals the following:

1. In July 1961 a 2-count indictment was returned charging Bradley with violations of 18 U.S.C. § 2113(a) and (d).

2. The defendant's court-appointed attorney promptly moved for a determination of Bradley's mental competency. Pursuant to 18 U.S.C. § 4244, the

court committed the defendant to the Federal Medical Center at Springfield, Missouri, for examination. The ensuing neuropsychiatric report, dated October 30, 1961, presented a diagnosis of "Schizophrenic Reaction, Paranoid Type, chronic, severe" and an inability on Bradley's part at that time to understand the nature of the offense or to assist counsel.

3. In December the district court held the hearing required by § 4244. Bradley and his counsel were present. The court found the defendant not then competent to stand trial and, under 18 U.S.C. § 4246, committed him to the custody of the Attorney General. He was returned to Springfield.

4. Interim special progress reports were issued by the Springfield staff in April and August 1962. These indicated "significant gains" but stated that Bradley was not yet able adequately to assist counsel. Continuation of his treatment program was recommended.

5. On November 15, 1962, the defense filed a motion alleging that Bradley was receiving no treatment or rehabilitation at Springfield; that he should be transferred to a Veterans Administration facility; and that his mental status was such "that he is entitled to his constitutional privilege of a speedy trial". Another report dated November 27, 1962, was then issued by Springfield. This stated that Bradley's illness was then in remission, that he was able to understand the proceedings against him and to cooperate with counsel, but that "it is early to tell how stable this remission is at this time".

6. Judge McManus held a hearing on this defense motion in December 1962. Bradley was present at that hearing. The government acknowledged that the defendant was then mentally competent to understand the nature of the charges against him and properly to assist his counsel. The court made a specific finding that Bradley was competent in those respects.

7. Trial by jury was in March 1963. It resulted in a verdict of guilty on both counts of the indictment. The court ad-

vised the jury that the defense had raised the issue of Bradley's insanity at the time of the alleged offense and gave the jury instructions as to that issue.

8. On April 16 Judge McManus sentenced Bradley to 20 years on the first count and to 25 years on the second, the first sentence to run concurrently with the second. These are the maximum terms provided by §§ 2113(a) and (d), respectively. At allocution the defendant said:

"You are going to send me to Springfield and trying to get me killed. That is all. Dr. Keith talked you people into sending me to Springfield. There he is waiting for me and is going to kill me. Nothing I can do about it."

Counsel, on Bradley's behalf, then referred to his combat service and his history of mental illness, asked for parole to a Veterans Administration hospital, and mentioned an attempt that morning by Bradley to slash his wrist. The United States attorney noted four prior convictions. No one asked for deferral of sentence.

9. No appeal from the judgment of conviction was taken.

10. The present § 2255 petition was filed by Bradley in January 1965. In his supporting papers he asserts that his counsel told him "that he could get defendant to a Veterans Administration Hospital through the court"; that he had no knowledge of the contents of the motion of November 1962; that "The jury did not find defendant competent as they were never asked"; and that although the Springfield staff had stated that he was competent in November 1962 he was not tried until March 1963.

■ The very recital of this chronology in itself answers the first two of Bradley's contentions. The record clearly discloses that a formal hearing was held on December 3, 1962; that Bradley was present; that the hearing was on the defense motion to reconsider the defendant's commitment and for a prompt trial; that the court specifically found him competent to stand trial; and that trial ensued in due course. This hear-

ing and this finding were initiated by the defense itself in order to obtain a disposition of the charges which then had been pending for some time. We find nothing in the procedure leading to this hearing, in the hearing itself, or in the determination there made, which constitutes a denial of due process.

■ Furthermore, although competency at the time of trial may be the subject of a § 2255 motion and require a hearing, Burrow v. United States, 301 F. 2d 442, 443 (8 Cir. 1962), cert. denied 371 U.S. 894, 83 S.Ct. 193, 9 L.Ed.2d 126; Taylor v. United States, 282 F.2d 16, 21–23 (8 Cir. 1960), this is not so where the issue has already been raised and determined in the trial court. Simmons v. United States, 253 F.2d 909, 912 (8 Cir. 1958); Breaton v. United States, 303 F.2d 557, 559 (8 Cir. 1962); Wheeler v. United States, 340 F.2d 119, 121 (8 Cir. 1965); Richards v. United States, 342 F.2d 962, 963 (8 Cir. 1965).

Bradley's contention that there was no hearing on the issue of competency to stand trial and his continuing contention, in the face of the formal judicial determination to the contrary, that he was not competent to stand trial cannot, therefore, be sustained.

■ Bradley's third contention, namely, that he was not sane at the time of the offense and that the government at the trial failed to prove his sanity, has to do with the defense to the charges against him. Sanity was in issue at the trial. The judgment of conviction embraced a determination of that question adverse to the defendant. It is well settled that the issue is not one which can be raised or considered by a § 2255 motion. Taylor v. United States, supra, p. 21 of 282 F.2d; Burrow v. United States, supra, p. 443 of 301 F.2d; Wheeler v. United States, supra, p. 121 of 340 F.2d; Richards v. United States, supra, p. 963 of 342 F.2d.

■ The petitioner's fourth point that he was not competent at the time of sentencing must likewise fall. No one—

Bradley's counsel, the United States attorney, or the court—raised any question, apart from the suggestion of the wrist slashing attempt, of the defendant's legal competency at the time of sentencing or of the court's power then to impose sentence. The court is not required to be a psychiatrist. A mere assertion of insanity is not sufficient. Richards v. United States, supra, p. 964 of 342 F.2d; Evans v. United States, 346 F.2d 512 (8 Cir. 1965). Bradley had been examined in November 1962 and again immediately prior to the trial upon the court's order in response to a defense motion. The fact that, upon arrival at Leavenworth, he was assigned to a psychiatric ward and then returned to Springfield does not compel a conclusion of incompetency at the time of sentencing. If it did, an administrative assignment would operate to overcome a freshly made judicial decision. See Bennett v. Hunter, 155 F.2d 223, 225 (10 Cir. 1946); Bennett v. United States, 158 F.2d 412, 416 (8 Cir. 1946), cert. denied 331 U.S. 822, 67 S.Ct. 1302, 91 L.Ed. 1838; Nobles v. Georgia, 168 U.S. 398, 408–09, 18 S.Ct. 87, 42 L.Ed. 515 (1897); Solesbee v. Balkcom, 339 U.S. 9, 13, 70 S.Ct. 457, 94 L.Ed. 604 (1950).

■ Bradley's last point is the suggestion that his trial counsel was negligent, incompetent, and guilty of collusion. Apart from the fact that this proposition does not appear to have been advanced in the district court, we recall our statement in Taylor v. United States, supra, p. 20 of 282 F.2d, that "The Sixth Amendment does not require for its satisfaction that the actions of counsel result in a favorable outcome". Lack of success, therefore, does not equate with incompetency of counsel. A review of the district court files convinces us that Bradley's court-appointed counsel was able and protective of every right possessed by the defendant. He displayed zeal, ingenuity, and competency. Bald charges and self-serving general proclamations are insufficient. Burrow v. United States, supra, p. 443 of 301 F.2d; Hayes v. United States, 305 F.2d 540,

543 (8 Cir. 1962); Wheeler v. United States, supra, p. 121 of 340 F.2d.

Judge Stephenson's order denying without a hearing Bradley's petition for relief under § 2255 is affirmed.