**Benjamin DRANOW, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19298.**

United States Court of Appeals Eighth Circuit.

Feb. 17, 1969.

Rehearing Denied March 12, 1969.

**48**

Scott E. Jarvis, Topeka, Kan., for appellant; Benjamin Dranow, pro se.

William E. Falvey, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Patrick J. Foley, U. S. Atty., on the brief.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and BRIGHT, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

Benjamin Dranow, herein called defendant for convenience, has taken this timely appeal from final order entered January 19, 1968, denying and dismissing his 28 U.S.C.A. § 2255 motion to vacate convictions, judgments and sentences imposed in three cases tried in the District of Minnesota. The prior convictions attacked are briefly described as follows:

(1) Mail and wire fraud conviction in August 1961 (4–61–Criminal 12). Conviction affirmed. Dranow v. United States, 8 Cir., 307 F.2d 545.

(2) Income tax conviction in 1962 (4–61–Criminal 114). Appeal dismissed.

(3) Bail jumping conviction (4–62–Criminal 110) tried in 1963. Conviction affirmed, Dranow v. United States, 8 Cir., 325 F.2d 481, cert. denied 376 U.S. 912, 84 S.Ct. 669, 11 L.Ed.2d 610.

The basis asserted for relief in the motion is that defendant was mentally incompetent to stand trial at the time of the trial of the cases just listed. Defendant's principal complaint on this appeal is that the trial court erred in dismissing his motion without affording him an evidentiary hearing.

Defendant at the time of the filing of his § 2255 motion was serving his sentences at the United States Medical Center at Springfield, Missouri. The motion contains much extraneous material criticizing various officials connected with his convictions and complains about alleged mistreatment at the hospital. The claim of incompetency at time of trial consists of a bald unsupported conclusion. The court in its dismissal order states: "In the so-called bail-jumping case (4–62 Criminal 110), this Court held a hearing on January 18 and 19, 1963, as to his mental competency to stand trial and found that he had a rational as well as a factual understanding of the proceedings pending against him."

Judge Nordbye, who heard the present motion, heard the bail jumping case. The history of that case is set out in our reported opinion found at 325 F.2d 481. Defendant waived a jury trial and was tried to the court and convicted. Thereafter, defendant made a contention that he did not knowingly and intelligently waive his right to trial by jury because he was mentally incompetent to waive a jury. In reviewing such motion, we said:

"There is no substance to defendant's conclusion that he was incompetent to waive a jury. At a hearing on a motion for continuance on the ground that defendant was mentally incapable to go to trial, testimony of psychiatrists offered by both the Government

and the defendant was received. At the conclusion of such hearing, based upon such testimony and the court's observance of the defendant on a number of occasions, the court entered an extensive memorandum opinion, reviewing the testimony, and determining that the defendant was competent to stand trial.

"In the final judgment of conviction, the court again reviewed the question of defendant's competency and found him to be competent. Such findings are supported by substantial evidence. No attack is here made upon the rulings upon the motion for continuance or upon the determination of defendant's competency to stand trial." 325 F.2d 481, 483.

Thus it clearly appears that defendant's competency to stand trial on the bail jumping charge was raised, fully considered and adjudicated in that case. Mental competency to stand trial cannot be raised by a § 2255 motion when such issue has been raised and adjudicated in the trial resulting in the conviction. Bradley v. United States, 8 Cir., 347 F.2d 121, 123; Richards v. United States, 8 Cir., 342 F.2d 962, 963; Simmons v. United States, 8 Cir., 253 F.2d 909, 912.

So far as it appears in the record, no mental incompetency to stand trial issue was raised in the mail fraud case or in the income tax evasion case. Defendant was represented by competent employed counsel in each of the cases. Judge Nordbye also heard the mail fraud case and in his present order he refers to the fact that Mr. Dranow testified extensively in that case.

Upon the basis of Judge Nordbye's hearing the mail fraud case including defendant's extensive testimony therein, and his subsequent detailed evidentiary hearing on the mental competency issue in the bail jumping case, the last of the three cases here under attack, we are satisfied that Judge Nordbye was justified in denying a hearing on the competency to stand trial issue with respect to each of the three cases.

As previously stated, defendant's claim of mental incompetency to stand trial is made in the present motion only in the form of a conclusory statement. We have frequently held that a bald conclusion in the form of a self-serving statement by a petitioner that he was not mentally competent to stand trial does not entitle him to an evidentiary hearing on the mental competency issue. Wheeler v. United States, 8 Cir., 404 F. 2d 252 (1968); Evans v. United States, 8 Cir., 346 F.2d 512, 514; Wheeler v. United States, 8 Cir., 340 F.2d 119, 121; Hayes v. United States, 8 Cir., 305 F.2d 540, 543.

There must be some allegation of prior mental illness or some recital of credible facts or other background material to at least give an indication that a substantial question is presented and not just a frivolous claim.

It is noteworthy that defendant in no way challenges the validity or the fairness of the mental competency issue raised and determined in the bail bond case. No allegation is found in the motion claiming that the defendant has any new material evidence bearing on the competency issue.

Defendant is represented on this appeal by employed counsel. Counsel points to a reference in the dissenting opinion in United States v. Hoffa, 7 Cir., 367 F.2d 698, 717–718, to the effect that Dranow's competency had been challenged in that case and that he had engaged in unusual conduct at the trial. Dranow was a convicted co-defendant in the *Hoffa* case, the trial of which commenced in April 1964, more than a year after the latest conviction here challenged. The issue of competency to stand trial is not raised in the Seventh Circuit appeal. The conviction for mail and wire fraud was affirmed. The dissenting judge in his dissent makes no statement asserting that Dranow's conviction should be reversed on the ground of mental incompetence.

**50**

Defendant has completely failed to demonstrate that the trial court, upon the basis of the files and records before it, committed error in denying him an evidentiary hearing on the competency issue.

The judgment is affirmed.