Dorothy E. Archambault v. Commissioner.
Archambault v. Commissioner
Docket No. 4686-69 SC.
United States Tax Court
T.C. Memo 1970-234; 1970 Tax Ct. Memo LEXIS 125; 29 T.C.M. (CCH) 1002; T.C.M. (RIA) 70234; August 18, 1970, Filed Leslie Marcus, for the petitioner. Edward DeFranceschi, for the respondent. DAWSON
Memorandum Opinion DAWSON, Judge: Respondent determined a deficiency of $228.57 in petitioner's Federal income tax for the year 1967. The only issue for decision is whether petitioner is entitled to exclude from her income, as child support under section 71, [1] any portion of the $3,380 received during 1967 from her husband, from whom she was separated. *126 All of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference and are adopted as our findings of fact. Those facts which we regard as pertinent to the disposition of the controverted issue are summarized below. Dorothy E. Archambault (herein called petitioner) is an individual who resided in Fitchburg, Massachusetts, at the time she filed her petition in this proceeding. She filed her individual Federal income tax return for the year 1967 with the district director of internal revenue, Boston, Massachusetts. Petitioner was first separated from her husband pursuant to a decree promulgated by the Probate Court of Middlesex County, Massachusetts on April 23, 1963. Under the terms of that decree petitioner was awarded custody of her three minor children and the sum of $40 per week for her support and $60 per week for the support of such children. On May 28, 1964, petitioner and her husband, Frederick J. Archambault, Sr., entered into an agreement under which petitioner was to receive a lump sum property settlement of $5,500, the sum of $20 per week for her support, $20 per week for the support of Frederick *127 J. Archambault, Jr., and $20 per week for the support of Jill Ellen Archambault. The payments specified for each child were to be made only for so long as these children were regularly enrolled in a bona fide academic program of study. Paragraph 8 of this agreement provided as follows: The parties hereto agree that this agreement shall remain in force and effect during the life of the wife, unless prior to the death of said party she shall have obtained a decree of absolute divorce from the husband in which event the parties hereto shall be released from all obligations hereunder and such terms as shall apply to such divorce decree shall be included therein. This agreement was incorporated by reference in a modified decree of separate support dated June 8, 1964, promulgated by the Probate Court of Middlesex County, Massachusetts. On March 12, 1965, the Probate Court for Middlesex County, Massachusetts, promulgated another decree modifying its two earlier decrees. This decree provided, in pertinent part, as follows: It is decreed that said decree dated April 23, 1963, as modified by decree dated June 8, 1964, be and hereby is further modified; that said Frederic J. Archambault, *128 Senior, pay to said Dorothy E. Archambault the sum of sixty-five dollars forthwith and the further sum of sixty-five dollars each and every Saturday thereafter beginning March 20, 1965, for her support and that of Jill Ellen Archambault one of their minor children; and except as herein modified, said decree is affirmed. During the year 1967 the petitioner received the sum of $3,380 from her husband. Of this total amount, $1,040 constituted specifically designated child support payments on behalf of Jill Ellen Archambault. At issue here is the includability in petitioner's income, under the provisions of 1003 section 71, [2] of $1,300 which she received from her husband during 1967 pursuant to a decree for separate support. In Commissioner v. Lester, 366 U.S. 299 (1961), interpreting the language now incorporated in section 71(b), the Supreme Court stated that: The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties *129 is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. To resolve the question before us we must determine whether any portion of the money paid to petitioner by her husband during the year 1967 was so "fixed" as child support under the controlling decree or agreement that such funds can be properly excluded from her income. *130 The first decree of separate support obtained by petitioner on April 23, 1963, clearly and specifically set forth that $60 per week was to be paid for the support of petitioner's children. On May 28, 1964, petitioner and her husband entered into an agreement for separate support which again specifically designated the payment of $20 per week as support for each of petitioner's two minor children. This agreement was then incorporated by reference into a modified decree of separate support dated June 8, 1964. On March 12, 1965, another modified decree of separate support was obtained by petitioner which provided that $65 per week should be paid for her support and that of Jill Ellen Archambault, her minor child, without any designation as to how that amount should be allocated. Because this last modified decree of separate support fails to fix an amount of money which is specifically for the support of petitioner's minor child, respondent argues that the entire $65 per week paid to petitioner in 1967 by her husband is includable in her income, citing Commisisoner v. Lester, supra.
The test under Lester is whether the amounts paid for child support are specifically fixed *131 as such. Under the terms of the agreement for separate support entered into by petitioner and her husband on May 28, 1964, the amount of $20 per week was clearly fixed as support for each child. This agreement remained in full force and effect under Massachusetts law and was not rendered void by the subsequent modified decree of separate support dated March 12, 1965. Freeman v. Sieve, 323 Mass. 652, 84 N.E. 2d 16 (1949); Arthur D. Thomson 42 T.C. 825, 832-833 (1964), affirmed sub. nom Metcalf v. Commisisoner, 343 F. 2d 66 (C.A. 1, 1965). Both this agreement and whatever may be the decree from time to time are concurrently in effect. Metcalf v. Commissioner, supra.Each instrument imposed an obligation, but the same payment discharges both obligations. As we stated in Thomson, supra at 833: Sections 71(a) and (b) are each written in the disjunctive. Section 71(b) provides that there shall not be included in the wife's income any payment which the terms of the "decree" or the "agreement" fix as child support. Under that section, when both the decree and the agreement are effective and enforceable, it is necessary only *132 that one or the other of the instruments "fix" the amount as payable for support of the husband's minor children. Respondent contends that in Chester L. Tinsman, 47 T.C. 560 (1967), where there were two separate decrees, one for separate maintenance rendered in the 1004 District of Columbia which failed to fix an amount for child support and a later decree of absolute divorce obtained in Maryland which did fix an amount for child support, this Court found the requirements of Lester were not met because the two decrees created an ambiguity which prevented the shifting of the tax burden under section 71(b). Here, respondent urges, an even greater ambiguity exists. We disagree. In Tinsman we pointed out that there were two decrees, from two separate jurisdictions, only one of which applied to the husband and wife. But in the instant case, as in Thomson, each of the decrees and the agreement apply equally to the husband and wife. Moreover, in this case the modified decree of March 12, 1965, specifically provides that petitioner is to receive $65 per week for her support and that of Jill Ellen Archambault, one of her minor childern, and except as modified the decree of *133 April 23, 1963, as modified by decree dated June 8, 1964, is affirmed. By its very terms, the modified decree of March 12, 1965, does no more than increase the amount of support to be paid to petitioner by her husband. Had there been a desire to change the nature of these payments or to shift the tax burden under section 71, this decree would not have affirmed the original decree as modified, but would have declared the earlier decree and separate agreement between the parties null and void. In view of the affirmance of the earlier decree and the absence of any evidence to the contrary, we cannot infer that the original obligations of the parties were to be changed. In fact, the substance of the change resulting from the promulgation of the March 12, 1965, modified decree is that petitioner's husband was required to pay an increased sum for the support of petitioner and her minor daughter. While the increase may also be partly attributable to an increase in the support required for Jill Ellen Archambault, the March 12, 1965, decree does not specifically so state. Accordingly, from a reading of the three decrees involved and the agreement between petitioner and her husband, we cannot *134 find that the amount of child support paid in 1967 exceeded $20 per week. Respondent further argues that our reading of section 71, as set forth in the Thomson case, supra, is incorrect in that the disjunctive language of section 71 is meant to apply to contemporaneous decrees or agreements rather than instruments drafted at different points in time. If such a view is correct, the obvious result would be to make the decree in force during the taxable year in issue controlling in all instances unless legally defective for some reason. The adoption of such a rule would totally disregard the right of the parties under the statute to shift a portion of the tax burden from the wife to the husband by the use of a simple provision in the settlement agreement fixing a specific portion of the periodic payment made to the wife as a child support payment. In this case such a rule would definitely undermine the agreement of the parties. See and compare Sara Nicoll Gotthelf, 48 T.C. 690 (1967) affirmed sub. nom. Commissioner v. Gotthelf, 407 F. 2d 49 (C.A. 2, 1969); Vernon K. Carle 54 T.C. 827 (1970); and West v. United States, 413 F. 2d 294 *135 (C.A. 4, 1969). Under these circumstances we hold that of the total amount ($3,380) paid to petitioner by her husband during 1967, the sum of $1,040 was specifically fixed as support for petitioner's minor child, Jill Ellen, and is therefore not includable in petitioner's income under section 71(b). To reflect the conclusion reached herein, Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - * * * (2) Written Separation Agreement. - If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. * * * (b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩