John Earl JENKINS, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 72 C 141(4).

United States District Court, E. D. Missouri, E. D.

March 29, 1972.

John Earl Jenkins, pro se.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM

WANGELIN, District Judge.

Petitioner, presently confined in the United States Penitentiary, Leavenworth, Kansas, filed the pending motion pursuant to 28 U.S.C. § 2255 to vacate the sentence in United States v. John Earl Jenkins, No. 71 Cr. 46(4), and sought leave to proceed *in forma pauperis*. Leave to proceed *in forma pauperis* was granted. The finding of guilt to theft from interstate shipment was made pursuant to petitioner's plea of guilty. Petitioner was sentenced to six years imprisonment.

The grounds expressed in petitioner's instant motion are as follows:

(a) Petitioner's lawyer forced him to plead guilty. His lawyer would not take the case to trial. The lawyer would not 'fight the case' and would not call witnesses to prove the innocence of your petitioner. This lawyer told petitioner and his mother that your petitioner must plead guilty —that if he did not plead guilty and if he went to trial, he would get ten (10) years because "you are guilty" and "I'm not going to fight the case." Here the lawyer served more as an amicus for the prosecution than he did for the defendant. Incompetent and ineffective counsel.

(b) Since conviction, your petitioner has been able to talk to his co-defendant and has told the petitioner that he would come back to the court and testify to the innocence of your petitioner, that he would testify that your petitioner knew nothing about any theft, that he would testify that your petitioner was completely innocent of any and all charges.

(c) Petitioner's lawyer forced him to pleade (sic) guilty with a lie—the lawyer told petitioner, his mother, and a Mr. Curtis McClinton of St. Louis, that petitioner "Should go on and plead guilty", that "I have everything fixed with the prosecutor and he will get probation."

This promise of probation and statement of "fixed" by the lawyer made petitioner pleade (sic) guilty.

On July 26, 1971, petitioner accompanied by retained counsel appeared before the Court, withdrew petitioner's prior plea of not guilty and entered a plea of guilty to charges, contained in an indictment, of theft from an interstate shipment.

Before accepting petitioner's plea of guilty the transcript indicates that the Court interrogated the petitioner personally; that the Court informed the pe-

396

titioner of the charges against him; that petitioner waived reading of the indictment; that petitioner indicated that he had discussed the matter with his attorney; that petitioner then indicated that he wished to change his plea to that of guilty. The petitioner's attorney stated that petitioner understood the consequences of his plea. Petitioner indicated, under further questioning by the Court, that he understood that he had a right to a trial by jury; that the burden is on the Government to prove its case against him; and that he would be entitled to compulsory process to call witnesses. The petitioner affirmed that he had stolen three cases of shoes from an interstate shipment. The Court then informed the petitioner that the penalty for the crime charged ranges in fine up to $5000.00 or imprisonment for up to ten years or both. The petitioner affirmed that no threats or promises had been made to him by counsel for the Government or his own counsel to get him to change his plea. Petitioner further affirmed that he had no understanding about any possible sentence he might receive. Petitioner restated his desire to plead guilty. The Court then accepted his plea of guilty.

Prior to the filing of the instant motion, the petitioner moved under Rule 32, Federal Rules of Criminal Procedure, to withdraw his plea of guilty. By unpublished memorandum this Court determined that no manifest injustice existed and denied the motion.

Under 28 U.S.C. § 2255 petitioner now must show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." Petitioner has failed to meet this burden.

The transcript of petitioner's plea hearing indicates that he was represented by competent counsel and that following a personal interrogation by the Court he entered his guilty plea volun-

tarily and knowing the consequences of his plea. Petitioner now asserts that his counsel induced his plea of guilty by suggesting that a lenient sentence, more lenient than the one he received, would be given. Were the facts as petitioner now asserts, they would not be sufficient to render his plea involuntary. United States v. Cravatas, 330 F.Supp. 91, 100 (D.C.Conn.1971) (dictum), and cases cited therein. The motion and the files and records of the case conclusively show that petitioner is entitled to no relief.

Therefore, the motion to vacate sentence will be denied.