John Earl JENKINS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 72-1279.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1972.

Decided Sept. 20, 1972.

---

John Earl Jenkins, pro se.

Daniel Bartlett, Jr., U. S. Atty., and J. Patrick Glynn, Asst. U. S. Atty., St. Louis, Mo., on brief for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

John Earl Jenkins appeals from the dismissal below of his 28 U.S.C. § 2255 motion to vacate his six-year sentence imposed for violation of 18 U.S.C. § 659.

Jenkins asserted that his plea of guilty was coerced and involuntary in that his counsel had promised him "probation" in return for a guilty plea. He claims error by the District Court, 343 F.Supp. 394, in dismissing the motion without first conducting a hearing.

The trial court found that a review of the transcript disclosed that the require-ments of Rule 11 of the Federal Rules of Criminal Procedure had been fully complied with before accepting Jenkins guilty plea.

Jenkins appeared before the trial court with retained counsel. The record indicates that counsel conducted an active defense in his client's behalf before Jenkins changed his plea, i. e., motions to suppress evidence, for production of documents and to inspect evidence. The motion to suppress was overruled following an evidentiary hearing.

The Court files show that Rule 11 was fully complied with. See United States v. Rawlins, 440 F.2d 1043 (CA8 1971) and United States v. Woosley, 440 F.2d 1280 (CA8 1971). The Court personally addressed Jenkins with respect to whether the guilty plea was voluntary and with understanding of the nature of the charge, the consequences of a guilty plea and of Jenkins right to a trial and confront witnesses. A factual basis for the plea of guilty was also shown in the record. Additionally, Jenkins stated that no threats or promises had been made to influence his decision to change his plea. Four months after the sentence was imposed, Jenkins filed a motion pro se to withdraw his plea of guilty under Rule 32 or in the alternative for a reduction of sentence under Rule 35 urging the same grounds as presented in the § 2255 motion and it was denied by the sentencing court.

A hearing to reconstruct the events in question is unnecessary where the files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. § 2255 and O'Neill v. United States, 438 F.2d 1236 (CA8 1971). The record clearly shows that no hearing was required. Additionally, a review of the record convinces us that Rule 11 was fully satisfied. See Brown v. United States, 454 F.2d 45 (CA8 1972).

Affirmed.

* Sitting by designation.