James Lowell ROSE, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 73 C 418(1).

United States District Court,
E. D. Missouri, E. D.

Sept. 28, 1973.

James Lowell, pro se.

Donald J. Stohr, U. S. Atty., Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for respondent.

**1102**

## MEMORANDUM

MEREDITH, Chief Judge.

This action by petitioner was brought, pursuant to 28 U.S.C. § 2255, to vacate a ten-year sentence he received in United States v. James Lowell Rose and Robert Eugene Edmondson. The motion will be denied and the action dismissed.

Petitioner's pro se complaint alleges that at the time of the plea of guilty, petitioner was mentally incompetent and did not understand what was going on at his plea hearing and that petitioner had ineffective assistance of counsel.

■ The facts are these: On September 18, 1969, in cause No. 69 Cr 194(2), defendants Rose and Edmondson were charged with making an assault with intent to rob a postal employee by use of a loaded pistol, in violation of 18 U.S.C. § 2114. This charge carries a mandatory twenty-five year sentence. On September 22, 1969, defendant Rose appeared with retained counsel and entered a plea of not guilty and the cause was set for trial on December 1, 1969. On October 1, 1969, defendant Rose filed a motion requesting a mental examination.

On October 17, 1969, Rose appeared with his retained attorney and there was presented in Court a report from the Medical Center for Medical Prisoners at Springfield, Missouri, dated 11–16–66, which showed at that time he had been admitted on 11–1–65, charged with interstate transportation of forged securities; on May 31, 1966, the staff there concluded that Rose, who was committed under the name of James L. Johnston, was mentally ill and disposition was made to a state hospital; on November 8, 1966, he was examined and the staff concluded that he was mentally competent to stand trial.

On March 4, 1968, Rose was admitted to Stockton State Hospital, Stockton, California.

On August 25, 1969, in a proceeding before the Lake County, Illinois, Nineteenth Judicial Circuit, a hearing was had concerning the mental competency of James L. Rose to stand trial. Rose was represented by counsel. Four psychiatric examinations were introduced, all of which showed defendant Rose to be mentally competent, and defendant and his attorney both conceded that Rose was competent at that time and that Court found Rose competent to stand trial. A copy of the transcript of said proceedings is in the file of this Court, along with the report of the Medical Center for Federal Prisoners at Springfield, Missouri, dated November 16, 1966. Based on the report of August 25, 1969, and the fact that defendant was charged with committing a crime on September 5, 1969, and his motion was made in October 1969, the Court concluded that he was mentally competent at that time without further examination and denied his motion for a mental examination.

The petitioner is not entitled to a further hearing on this question of mental competency.

"(A)lthough competency at the time of trial may be the subject of a § 2255 motion and require a hearing (cases cited), this is not so where the issue has already been raised and determined in the trial court (cases cited)." Bradley v. United States, 347 F.2d 121 (8th Cir. 1965).

In fact,

"Mental competency to stand trial cannot be raised by a § 2255 motion when such issue has been raised and adjudicated in the trial resulting in the conviction." Dranow v. United States, 407 F.2d 47 (8th Cir. 1969).

■ Here the petitioner had a full adversary hearing with the introduction of four psychiatric examinations less than two weeks before the crime was committed, and less than four months before sentencing. The petitioner thus had the protection of an adversary hearing. Eskridge v. United States, 443 F.2d 440 (10th Cir. 1971). Whatever may have happened in August of 1970 has no relevance since after an adjudication of competency, a man is presumed competent until proven otherwise. Splitt v. United States, 364 F.2d 594 (6th Cir. 1966). Thus, "the motion and the files and records of the case conclusively

show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

The claim that petitioner did not understand what was happening in the courtroom is refuted by the transcript of petitioner's plea hearing.

 The claim of petitioner that his attorney was ineffective due to persuading the petitioner to change his plea from not guilty to guilty by telling petitioner that a jury would convict him does not state grounds that would entitle petitioner to relief under 28 U.S.C. § 2255. Jenkins v. United States, 466 F. 2d 520 (8th Cir. 1972), aff'g 343 F. Supp. 394 (E.D.Mo.1972.)