James Lowell ROSE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 73–1760.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1975.

Decided April 7, 1975.

---

Larry J. Mullins, St. Louis, Mo., for appellant.

Richard Coughlin, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before MATTHES, Senior Circuit Judge, and HEANEY and WEBSTER, Circuit Judges.

PER CURIAM.

On this appeal we are required to determine whether the district court erred in denying, without a hearing, petitioner-appellant's [1] motion pursuant to 28 U.S.C. § 2255 to vacate a sentence imposed upon him by the district court. The primary thrust of petitioner's 2255 motion is that he was mentally incompetent when he pleaded guilty in December of 1969 to a violation of 18 U.S.C. § 2114, assault on a person having lawful custody of United States mail or other government property, with intent to rob or steal such mail or property. In denying the 2255 motion, Chief Judge James H. Meredith, of the United States District Court for the Eastern District of Missouri, ruled that the matter of petitioner's competency to plead guilty had already been adjudicated and was therefore not cognizable in this 2255 action. We hold that the issue of petitioner's competency to plead guilty could properly be raised in this proceeding and that the district court should have afforded petitioner a hearing on his 2255 motion.

It is imperative that we set out in some detail the procedural history of this case.

On September 18, 1969, petitioner was indicted with one Edmondson for assaulting a postal employee with a pistol on the preceding September 5 and robbing him of certain mailbox keys belonging to the United States. On September 22, 1969, the petitioner pleaded not guilty to the charge. On October 1, 1969, petitioner, through counsel, filed a motion with the district court requesting that the court, pursuant to 18 U.S.C. § 4244, order a mental examination of petitioner to determine his present mental competency. In support of the request, the petitioner averred that he had a history of hospitalization and treatment for mental problems and that at least once previously he had been found to be insane or otherwise mentally incompetent.

On October 17, 1969, petitioner and his attorney appeared before Judge Mere-

---

1. Appellant will be referred to as petitioner throughout this opinion.

dith to present the motion for a psychiatric examination. The district court files fail to disclose whether there was an evidentiary hearing on the motion. But according to the docket entries a report from the Federal Medical Center at Springfield, Missouri, was admitted into evidence. The report, dated November 16, 1966, indicated that petitioner was competent as of November, 1966, but had been diagnosed mentally incompetent by the Springfield staff in May, 1966. A post office memorandum also submitted to the court on October 17 indicated that petitioner had also been treated at the Stockton State Hospital in Stockton, California, in March of 1968. Finally, there apparently was evidence before the district court that petitioner had been adjudicated competent on August 25, 1969, in the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois.[2] The district court summarily denied the motion for a psychiatric examination and did not file any document stating the reasons or grounds for its denial of the motion. All that appears on the face of the motion for examination is the notation: "Oct 17, 1969/Overruled/JHM." The docket entry in the district court is equally uninformative.[3]

On December 1, 1969, petitioner again appeared before Judge Meredith. After waiving prosecution by indictment, petitioner pleaded guilty to an information charging the lesser crime of assault upon a postal employee with intent to rob.

The indictment above referred to was subsequently dismissed. On December 12, 1969, petitioner was sentenced by the district court to 10 years in the custody of the Attorney General.

On January 29, 1970, petitioner filed a motion titled "Motion For Appeal Out Of Time," in which petitioner asserted that he was incompetent at the time he pleaded guilty. Considering the motion by petitioner as one to withdraw his plea of guilty, the district court denied the motion on April 30, 1970, noting that at the October 17 proceeding "the Court concluded that he was mentally competent at that time without further examination and denied his motion for a mental examination."

Finally, on June 21, 1973, petitioner filed the 2255 motion under consideration on this appeal. Petitioner once again asserted that he was mentally incompetent at the time he pleaded guilty. He further averred in support of his motion that he was adjudged mentally incompetent in the United States District Court for the Northern District of California on August 1, 1970, approximately eight months after the entry of the guilty plea under attack here, and that he was presently undergoing treatment and medication for mental illness. The petitioner requested an evidentiary hearing on the question whether he was mentally incompetent at the time he pleaded guilty in December of 1969. As mentioned previously, the district court

2. It is not altogether clear precisely what evidence of the Illinois adjudication of competency was before the federal district court during the October 17 proceeding. A transcript of the Lake County competency hearing is in the district court files, but it does not bear a filing stamp of the district court indicating when it was filed. In addition, although the district court docket entry for the October 17 proceeding notes that the Springfield report and the post office memorandum were admitted into evidence, no mention is made of the transcript from the Lake County, Illinois, proceeding. Nevertheless, the district court in its 2255 memorandum opinion and in another memorandum opinion relevant to this case and filed on April 30, 1970, states that the court did have the Lake County transcript before it on October 17.

The post office memorandum mentioned previously also made reference in summary fashion to the Lake County adjudication.

3. The district court docket entry pertaining to the October 17 proceeding states in pertinent part:

Defendant Rose appears with . . . his attorney. A report of psychiatric staff examination, 11/8/66, from the Medical Center for Federal Prisoners, Springfield, Mo., and a memorandum of Post Office Dep rtment. [sic] dated Sept. 18, 1969, concerning the mental condition, etc of defendant admitted into evidence and filed. whereupon [sic], separate motion of defendant Rose for a mental examination argued, submitted and overruled.

refused to grant an evidentiary hearing and denied the motion. 365 F.Supp. 1101 (E.D.Mo.1973). The court reasoned that since petitioner had been afforded an adversary hearing in Lake County on the question of his competency only two weeks before he committed the crime for which he was convicted in the present case, he was not entitled to a further hearing on the question of his competency. The district court further held that the adjudication of incompetency in California eight months after the petitioner's guilty plea had no relevance, "since after an adjudication of competency, a man is presumed competent until proven otherwise."

This appeal followed.

■ We begin with the proposition that the conviction of an accused while he is mentally incompetent is a violation of due process. Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956). Generally, the question whether an accused was incompetent when he was tried or when he pleaded guilty is cognizable in a post-conviction motion pursuant to 28 U.S.C. § 2255. See, e. g., Bryant v. United States, 468 F.2d 812 (8th Cir. 1972); Butler v. United States, 384 F.2d 522 (8th Cir. 1967), cert. denied, 391 U.S. 952, 88 S.Ct. 1854, 20 L.Ed.2d 865 (1968); Floyd v. United States, 365 F.2d 368 (5th Cir. 1966). A § 2255 petitioner, however, under appropriate circumstances may be foreclosed from raising any question about his competency to plead guilty or stand trial if that issue has already been presented and adjudicated in the proceedings leading to his conviction. See Dranow v. United States, 407 F.2d 47, 49 (8th Cir. 1969); Bradley v. United States, 347 F.2d 121 (8th Cir. 1965); cf. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

It is obvious from a reading of the district court's 2255 memorandum opinion in this case that the key to its handling of both petitioner's initial request for a § 4244 psychiatric examination and his motion for post-conviction relief is the court's reliance upon the principle that a prior adjudication of one's competency, even if by a court in another jurisdiction, precludes one from subsequently raising the competency issue. Thus, the district court relied exclusively upon the fact that petitioner had been adjudicated competent in Illinois state court on August 25, 1969, to deny the 4244 examination in October, 1969, and also relied on the Illinois adjudication to deny 2255 relief without a hearing in 1973. We believe that this reliance of the district court on the Illinois adjudication of competency, at least in the context of the 2255 proceeding, was misplaced.

■ Initially, we note that a trial court may deny a request for a 4244 examination only if the court believes that the request is frivolous or has not been made in good faith. The court is not to make an initial inquiry into whether the accused is in fact competent before it orders the 4244 examination: if the motion for a psychiatric examination shows reasonable cause to believe that the accused may be incompetent, then the court is required to order the examination of the accused.[4] See, e. g., United States v. McEachern, 465 F.2d 833, 837 (5th Cir.), cert. denied, 409 U.S. 1043, 93 S.Ct. 539, 34 L.Ed.2d 494 (1972); United States v. Burgin, 440 F.2d 1092, 1094 (4th Cir. 1971); Meador v. United States, 332 F.2d 935, 936 (9th Cir. 1964); Krupnick v. United States, 264 F.2d 213, 216 (8th Cir. 1959).

■ Of course, the ordering of a 4244 examination is not a perfunctory or ministerial act, see United States v. Taylor, 437 F.2d 371, 376 n. 7 (4th Cir. 1971), and the district court may initially in-

---

4. But the court may hold a preliminary hearing; before acting upon the request for a 4244 examination, to determine if the request properly shows reasonable cause or if the grounds upon which the request is based are frivolous. See United States v. Varner, 467 F.2d 659, 661–662 (5th Cir. 1972); United States v. McEachern, 465 F.2d 833, 837 & n. 3 (5th Cir. 1972). Nevertheless, this preliminary hearing is not to become a preliminary determination of competency itself.

quire into whether the 4244 motion adequately shows that there is reasonable cause to believe the accused may be incompetent, *see* note 4, *supra*. But here in denying the motion for a 4244 psychiatric examination by reaching the ultimate question whether petitioner was in fact competent, the district court failed to comply with the statutory mandate of § 4244. *See, e. g.,* United States v. McEachern, *supra,* 465 F.2d at 837–838; Krupnick v. United States, *supra,* 264 F.2d at 216. The implication of the procedural scheme established in 4244 for determining the competency of the accused at the trial stage is that the determination of competency should be made by the district court only after it has the benefit of a psychiatric report on the accused's mental condition and, if necessary, an evidentiary hearing, unless, of course, it appears that the motion for an examination is not founded upon reasonable cause and therefore is frivolous and not made in good faith. In the present case, however, the district court apparently ruled petitioner competent on October 17, 1969, solely on the basis of the Illinois adjudication. The court apparently was of the belief that the Illinois adjudication automatically barred any consideration of petitioner's competency in the federal prosecution. This was error.

■ Nevertheless, the failure of the district court to comply with the provisions of § 4244 is not in and of itself cognizable in a 2255 action. Floyd v. United States, *supra,* 365 F.2d at 374–375. *See also* United States v. Makris, 483 F.2d 1082, 1091 (5th Cir. 1973), cert. denied, 415 U.S. 914, 94 S.Ct. 1408, 39 L.Ed.2d 467 (1974). We are, however, still faced with the issue whether the district court erred in denying petitioner a hearing on his 2255 motion to determine if he was competent at the time of his plea. *See* United States v. Makris, *supra*; Floyd v. United States, *supra*; *cf.* Rand v. Swenson, 365 F.Supp. 1294 (E.D. Mo.1973), aff'd, 501 F.2d 394 (8th Cir. 1974).

■ Citing Dranow v. United States, *supra,* and Bradley v. United States, *supra,* the court in its 2255 opinion seemed to attribute res judicata or full faith and credit effect to the competency determination of the Illinois court so as to bar petitioner from raising the question of competency not only in the 1969 federal proceedings, but also in this federal 2255 action. *Dranow* and *Bradley,* however, do not stand for such a broad proposition: in both cases the court held that a petitioner's competency at the time of trial or guilty plea is not cognizable in a 2255 action if the competency issue was adjudicated during the very same proceedings leading to the conviction under attack in the 2255 proceedings. We believe that the district court read *Dranow* and *Bradley* too broadly when it used those opinions as authority for its ruling that inquiry into petitioner's competency to plead guilty was precluded in the 2255 proceeding, not by a prior adjudication in the proceeding leading to the plea itself, but rather by an adjudication in an entirely different prosecution in another judicial system.

■ We recognize that certain federal appellate decisions have suggested that an adjudication of the competency of an accused in one prosecution may be so recent as to preclude the need for an adjudication of the same accused's competency in another prosecution. *See* Hall v. United States, 410 F.2d 653 (4th Cir.), cert. denied, 396 U.S. 970, 90 S.Ct. 455, 24 L.Ed.2d 436 (1969); United States v. Taylor, 437 F.2d 371 (4th Cir. 1971); *cf.* Meador v. United States, 332 F.2d 935, 938 n. 5 (9th Cir. 1964). In such an instance it might be permissible for the court entertaining the second motion for a 4244 examination and hearing to hold, in light of the recent finding of competency in another proceeding, that the second motion was frivolous. Nevertheless, such a use of a prior adjudication of competency, if permissible, is subject to important conceptual limitations.[5]

---

5. For instance, a prior adjudication of competency in another prosecution cannot serve as res judicata or full faith and credit, automatically barring as a matter of law any inquiry in a second prosecution into an accused's competency. Rather, the prior adjudication can only

We hold that on the facts of this case the district court should not have denied without a hearing petitioner's 2255 attack on his competency at the time of his guilty plea. *See* United States v. Taylor, *supra,* 437 F.2d at 381–382 (Sobeloff, J., concurring and dissenting); Meador v. United States, *supra.* Petitioner has a history of mental illness. The adjudication of competency in Illinois and the psychiatric examination reports on which it was based were already from three to ten months old when petitioner pleaded guilty to the federal charge in December, 1969. Petitioner was allegedly incompetent within eight months after his plea in December.[6] Finally, petitioner had been afforded no opportunity to litigate the issue of his competency in any federal proceeding prior to his federal guilty plea.

Accordingly, we remand to the district court for further proceedings. If on remand the district court determines that it can conduct an adequate and meaningful hearing to determine *nunc pro tunc* petitioner's mental competency at the time he pleaded guilty to the violation of 18 U.S.C. § 2114, it may proceed to afford petitioner such a hearing. If, however, the court determines that a *nunc pro tunc* proceeding is not feasible, then the court must grant petitioner other appropriate relief. *See* United States v. Makris, 483 F.2d 1082, 1092 & n. 8 (5th Cir. 1973). *Compare* Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), *with* Conner v. Wingo, 429 F.2d 630 (6th Cir. 1970).

Reversed and remanded.

---

serve as evidence, to be weighed with other evidence on the question of competency, suggesting that the accused is competent at the time of the second prosecution.

Moreover, the weight to be attributed to a prior adjudication as evidence of subsequent competence can only be assessed by considering how recently the prior adjudication was made, and how recently the examinations and reports on which the adjudication was based were made. *Cf.* Meador v. United States, *supra,* 332 F.2d at 938 n. 5.

Why the prior adjudication cannot be treated as absolutely foreclosing subsequent competency inquiries is obvious: the competency of an accused cannot be rendered an immutable historical fact, for the mental condition of an accused may change drastically in a matter of months. "Section 4244 deals with a class of potentially unbalanced defendants whose condition can fluctuate widely—from aggravation to remission—over relatively short time spans." United States v. Taylor, *supra,* 437 F.2d at 382 (Sobeloff, J., concurring and dissenting). Consequently, the greater the time interval between the prior competency determination and the subsequent request for another examination, the greater the possibility that the prior adjudication no longer accurately reflects the accused's mental state.

6. We note that the district court declined to consider any evidence of petitioner's incompetency after the guilty plea, stating that such evidence "has no relevance." But for the purpose of determining whether petitioner was competent to plead guilty to the federal charge, evidence of his mental state shortly after he pleaded guilty is just as relevant as evidence of his mental condition shortly before he pleaded guilty. Consequently, petitioner's assertion that he was incompetent in August, 1970, should be considered by the district court in seeking to determine if petitioner was competent in December, 1969. *See* Floyd v. United States, *supra,* 365 F.2d at 378–379; Stone v. United States, 358 F.2d 503 (9th Cir. 1966); Van De Bogart v. United States, 305 F.2d 583 (5th Cir. 1962).