691 F.2d 401
 Kenneth H. SCHLOMANN, Appellant,
v.
George A. RALSTON, Jr., Warden, United States Medical Center
for Federal Prisoners, Appellee.
Kenneth H. SCHLOMANN, Appellant,
v.
UNITED STATES BOARD OF PAROLE, G. A. Ralston, Jr., Warden, Appellees.
 Nos. 81-2361, 81-2389.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 17, 1982.
Decided Oct. 22, 1982.
 
 Kenneth H. Schlomann, Springfield, Mo., pro se.
 Floyd R. Finch, Jr., Kansas City, Mo., for appellant.
 Robert G. Ulrich, U. S. Atty., Michael A. Jones, Asst. U. S. Atty., Springfield, Mo., for appellees.
 Before HEANEY and ARNOLD, Circuit Judges, and REGAN,* Senior District Judge.
 HEANEY, Circuit Judge.
 
 
 1
 Kenneth H. Schlomann appeals the dismissal of two habeas corpus petitions by the district court.[1] The court referred Schlomann's petitions to a United States magistrate for preliminary review. The magistrate recommended that both petitions be dismissed without prejudice. The court overruled Schlomann's exceptions to those recommendations and entered judgment dismissing all his claims. We affirm.
 
 
 2
 Schlomann was convicted by a general court-martial on January 28, 1964, on one count of unpremeditated murder, two counts of felony murder, assault with a dangerous weapon, and attempted robbery. He petitioned the district court for habeas corpus relief in January of 1981 claiming: (1) the military court which convicted him did not have jurisdiction over his "non-service connected" offenses; (2) the court-martial wrongfully considered a confession given outside the presence of an attorney and under the influence of medication; (3) Schlomann was temporarily insane at the time of his offenses and his trial due to the recurring effects of a heat stroke suffered three or four days before his crimes; (4) he suffered from amnesia at the time of trial, hampering his ability to assist his attorneys; (5) he did not commit attempted robbery since someone planted stolen money on him after arrest; and (6) authorities prolonged his psychiatric examinations prior to trial under circumstances amounting to cruel and unusual punishment. In March of 1981, Schlomann filed another petition, later amended by counsel, contesting denial of his recommended parole date by the National Commissioners of the United States Parole Commission on two grounds: (1) the Commission failed to follow its own regulations in designating his case as one for the "original jurisdiction" of the National Commissioners; and (2) the Commissioners considered erroneous information. We affirm the district court's dismissal of each of these claims.
 
 
 3
 Initially, the Tenth Circuit has previously decided the question of the court-martial's jurisdiction over Schlomann's "non-service connected" offenses. In that habeas action, the court held that the Supreme Court's decision in O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), which declared that military courts could not try military personnel accused of "non-service connected" crimes, would not apply retroactively to Schlomann's court-martial. Schlomann v. Moseley, 457 F.2d 1223 (10th Cir. 1972), cert. denied, 413 U.S. 919, 93 S.Ct. 3068, 37 L.Ed.2d 1041 (1973). We refuse to reconsider this question.[2]
 
 
 4
 Most of Schlomann's other contentions possess no merit. His attack on the use of a confession at his court-martial is not grounds for habeas in this case. Schlomann pled not guilty by reason of insanity. The confession might be relevant to proof of whether Schlomann committed the offenses, but probably not to the sole contested issue of insanity. Thus, even if improperly considered, its use would not be grounds for his present retrial or release. His further claims that he was insane at the time of his crimes and that he did not commit attempted robbery are repetitious of factual issues decided at his original court-martial. Habeas review to overturn these factual findings is improper. Also, his assertion that the circumstances of his psychiatric examinations prior to court-martial amounted to cruel and unusual punishment is irrelevant to the appropriateness of his present confinement pursuant to criminal conviction.
 
 
 5
 Schlomann's claim of incompetency to stand trial, because of temporary insanity or amnesia, raises the most difficult problem. Faced with a time obstacle of almost two decades, the district court found that Schlomann had a full and fair opportunity to litigate this issue, which in fact was decided adverse to him by the military Board of Review on direct appeal of his conviction. On these facts, the court denied Schlomann's attempt to relitigate the issue in a habeas proceeding. See Rose v. United States, 513 F.2d 1251, 1256 (8th Cir. 1975) (per curiam); Dranow v. United States, 407 F.2d 47, 49 (8th Cir. 1969); Bradley v. United States, 347 F.2d 121, 123 (8th Cir. 1965), cert. denied, 382 U.S. 1016, 86 S.Ct. 628, 15 L.Ed.2d 530 & 385 U.S. 878, 87 S.Ct. 157, 17 L.Ed.2d 105 (1966).
 
 
 6
 The Board of Review opinion, United States v. Schlomann, 36 C.M.R. 622, aff'd, 37 C.M.R. 34 (1966), thoroughly discussed this competency issue on review of the court-martial transcript. That military appellate court stated:
 
 
 7
 A careful consideration of the evidence in the record of trial fails to reveal any substantial question as to the accused's capacity at the time of trial. Both the prosecution and defense witnesses say nothing to indicate that subsequent to the commission of the offenses accused lacked the mental capacity to understand the proceedings and to cooperate.
 
 
 8
 Id., 36 C.M.R. at 654-655.
 
 
 9
 Schlomann asserts that the district court should have made an independent review of the court-martial transcript, and possibly should have conducted a hearing, before holding that the military trial court fairly decided the issue of his competency to stand trial.
 
 
 10
 Although the district court might better have based its decision on an independent consideration of the court-martial transcript, our review of Schlomann's present claims supports the denial of habeas relief.[3] Cf. Relford v. Commandant, United States Disciplinary Barracks, 409 F.2d 824, 825 (10th Cir. 1969), cert. denied in part, aff'd in part, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971) (ineffective assistance of counsel issue fairly decided by Board of Review and Court of Military Appeals; that decision accepted in habeas proceeding where supported by the court-martial record). The Board of Review in the instant case decided that the court-martial's finding of Schlomann's sanity at the time of his crimes was determinative of his competency to stand trial several months later. United States v. Schlomann, supra, 36 C.M.R. at 655. At the very least, we agree that the sanity finding is probative of Schlomann's competency to stand trial, barring no deterioration in mental condition between the time of offense and the time of trial. Besides the Board of Review finding adverse to him on this issue, however, Schlomann has not alleged circumstances to raise a substantial doubt as to his competency to stand trial when considered in light of the detail regarding his overall mental capacity observed by his counsel and the court-martial. See Davis v. Alabama, 545 F.2d 460, 465 & 466 n.21 (5th Cir.), cert. denied, 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275 (1977). The bald allegation that he now remembers his incompetency and the reason for that incompetency is simply not enough to raise such a doubt. Absent a substantial doubt regarding Schlomann's competency to stand trial, we see no need for further evidence or hearings on the issue, either at his court-martial or now. Cf. Pate v. Robinson, 383 U.S. 375, 384-385, 86 S.Ct. 836, 841-42, 15 L.Ed.2d 815 (1966) (court aware of defendant's long history of psychological problems indicating incompetency to stand trial must conduct hearing on that issue).
 
 
 11
 We liberally read Schlomann's January, 1981, petition to include the claim, pressed on appeal, that the attorneys representing Schlomann at his court-martial and direct appeals were incompetent. Such an assertion also lacks merit. The only possible incompetent representation appearing on the record could be his attorneys' failure to more strongly assert his incompetency to stand trial. Given the lack of evidence supporting such an assertion and his attorneys' apparent tactical decision to emphasize Schlomann's insanity at the time of his offenses, no reasonable attorney would have pressed the issue any more vigorously. Therefore, this claim is groundless. See Crenshaw v. Wolff, 504 F.2d 377, 380 (8th Cir. 1974), cert. denied, 420 U.S. 966, 95 S.Ct. 1361, 43 L.Ed.2d 445 (1975); United States v. Easter, 539 F.2d 663, 666 (8th Cir. 1976), cert. denied, 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977); Plant v. Wyrick, 636 F.2d 188, 189 (8th Cir. 1980).
 
 
 12
 The two claims expressly raised in Schlomann's March, 1981, petition do not merit habeas relief. First, the United States Parole Commission followed its own regulations in designating his case as one for "original jurisdiction" consideration by the National Commissioners. His original sentence was greater than forty-five years, and the nature of his crimes could generate unusual or national attention. Either of these criteria alone is sufficient to merit "original jurisdiction" under federal regulations. 28 C.F.R. § 2.17(b) (1981). Secondly, Schlomann's contention that the Commission considered erroneous information finds no support in the record. Thus, we need not decide if either of these claims, if supported by the evidence, would constitute violations of any of Schlomann's rights cognizable in a federal habeas action.
 
 
 13
 On appeal, counsel argued several issues not presented to nor decided by the court below, some at Schlomann's urging and others at our request. One such issue is whether application of recent parole guidelines to Schlomann violates the ex post facto clause of the United States Constitution. The record presents no facts that would support a claim that parole guidelines, either civil or military, at the time of Schlomann's offenses were any more lenient than those actually applied to his recent parole application. In such a case, we need not decide whether parole guidelines are laws subject to the ex post facto clause. Hayward v. United States Parole Commission, 659 F.2d 857, 862 (8th Cir. 1981), cert. denied, --- U.S. ----, 102 S.Ct. 1991, 72 L.Ed.2d 454 (1982). See also Rifai v. United States Parole Commission, 586 F.2d 695, 699 (9th Cir. 1978). The other issues raised on appeal, whether the United States Parole Commission has jurisdiction to set parole guidelines for military prisoners in civil custody and whether applying such guidelines to Schlomann violates the equal protection clause of the United States Constitution, are difficult ones that were not raised or considered by the court below. We decline to decide them here. We note only that these issues have been considered and decided by other courts. E.g., Osborne v. Taylor, 328 F.2d 131, 132 (10th Cir.), cert. denied, 377 U.S. 1002, 84 S.Ct. 1936, 12 L.Ed.2d 1051 (1964); Koyce v. United States Board of Parole, 306 F.2d 759, 762 (D.C.Cir.1962); Bates v. Wilkinson, 267 F.2d 779, 780 (5th Cir. 1959). Cf. King v. Federal Bureau of Prisons, 406 F.Supp. 36, 38-39 (E.D.Ill.1976).
 
 
 14
 Our review of the record and the several bases for habeas relief express and implied from Schlomann's 1981 petitions reveals no support for his claims. We therefore affirm the district court's dismissal of these petitions.
 
 
 
 *
 The Honorable JOHN K. REGAN, Senior District Judge for the United States District Court for the Eastern District of Missouri, sitting by designation
 
 
 [1]
 The Honorable William R. Collinson, Senior United States District Judge for the Western District of Missouri
 
 
 [2]
 Schlomann's attempt to reconstruct his jurisdictional claim by alleging that his "offense and trial took place after the crime which brought about" O'Callahan raises a distinction without a difference. The date of the offense in O'Callahan does not affect the retroactivity of the decision in that case. Compare Gosa v. Mayden, 413 U.S. 665, 669, 93 S.Ct. 2926, 2930, 37 L.Ed.2d 873 (1973) (Blackmun, J., announcing judgment of the Court) (Supreme Court holding O'Callahan does not apply retroactively; Gosa's crime and trial occurring in 1966) with O'Callahan v. Parker, supra, 395 U.S. at 259, 89 S.Ct. at 1684 (offense occurring in July of 1956)
 
 
 [3]
 In light of the absence of support for Schlomann's claim of incompetency to stand trial and in the interest of judicial economy, we see no need to remand for the district court to review the court-martial transcript. This is at least Schlomann's fifth habeas petition, and its immediate resolution, if possible on the record, furthers the interests of both Schlomann and the public. But cf. Swisher v. United States, 326 F.2d 97, 97-98 (8th Cir. 1964) (per curiam) (remand for hearing to determine whether earlier court-martial gave full and fair consideration to petitioner's claim of incompetency to stand trial where record indicated possible issue which had not been properly considered)