**Roland E. SIMCOX, Appellant,**

v.

**Jesse B. HARRIS, Warden, Medical Center for Federal Prisoners, Springfield, Missouri, Appellee.**

**No. 17497.**

United States Court of Appeals
Eighth Circuit.

Nov. 18, 1963.

Roland E. Simcox, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., for appellee.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

The appeal is from an order denying an application for a writ of habeas corpus. Appellant, who presently is in the Medical Center for Federal Prisoners, Springfield, Missouri, is under sentence by a court-martial for some offenses committed while he was confined at Camp Gordon, Georgia, on a sentence for some offenses committed while he was a member of the United States Army in Korea.

The Korean sentence was to a term of imprisonment and to dishonorable discharge from the army. The term of imprisonment has been served, and appellant is now confined on the Camp Gordon sentences. He alleges that the provision for dishonorable discharge also has been executed but that this had occurred before his commission of the Camp Gordon offenses.

The contentions on which the application for a writ was predicated were that the discharging of appellant from military service for the Korean offenses made him a civilian; that he was thereafter without military status; that a military court consequently could not have jurisdiction over him and his subsequent offenses; and that the Camp Gordon court-martial proceedings and his present confinement therefore were void.

■ On Kahn v. Anderson, 255 U.S. 1, 41 S.Ct. 224, 65 L.Ed. 469, there could exist no basis to urge these contentions, at least before the lower federal courts. Article 2(7) of the Uniform Code of Military Justice, 10 U.S.C.A. § 802(7)— which is a re-enactment of a similar provision in previous statutes—makes subject to the Code's provisions, "Persons in custody of the armed forces serving a sentence imposed by a court-martial"— which was the status of appellant at the time of the Camp Gordon offenses. The Kahn case would require it to be held that, although appellant had been discharged from the service, he remained a military prisoner while he was confined on the Korean sentence, and that he was "for that reason subject to military law and trial by court-martial for offenses committed during such imprisonment". 255 U.S. at 7 and 8, 41 S.Ct. at 225, 65 L.Ed. 469.

Appellant seeks to escape the holding of the Kahn case by arguing that there are later decisions of the Supreme Court which are inconsistent with it, and that it therefore should be regarded as no longer being the law. Among the decisions upon which he so relies are United States ex rel. Toth v. Quarles, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8; Reid v. Covert, 354 U.S. 1, 77 S.Ct. 1222, 1, L.Ed.2d 1148; and Kinsella v. United States ex rel. Singleton, 361 U.S. 234, 80 S.Ct. 297, 4 L.Ed.2d 268.

This is a repeated attempt by appellant to obtain such a declaration and holding from the lower federal courts. He has previously urged his contention in the courts of the Ninth Circuit and had it determined against him. In 1961, while he was confined in the Federal Penitentiary, Alcatraz, California, on the

Camp Gordon sentences, he made application on this basis for a writ of habeas corpus in the District Court for the Northern District of California, and his application was denied. The Court engaged in full consideration of whether the subsequent decisions of the Supreme Court relied on by appellant so conflicted with the Kahn case as inferentially to have overruled it. The Court concluded that this could not legally be said to be the situation, and the Court of Appeals for the Ninth Circuit, in an analytical and persuasive opinion, affirmed this determination. Simcox v. Madigan, 9 Cir., 298 F.2d 742.

■ On the demonstrativeness of that opinion, appellant's attempt to obtain a redetermination of the question in the courts of this Circuit, on the opportunity afforded by his transfer from Alcatraz to Springfield, could properly have been refused any entertainment, under the provisions of 28 U.S.C.A. § 2244. The District Court, however, chose, as it was entitled to do, to engage in a redetermination of the question and arrived at the same conclusion as the courts of the Ninth Circuit, that appellant's contention was without basis.

The determinations which appellant has thus had, and the persuasiveness of them, would make purposeless and redundant any further expression by us on this appeal. Indeed, we should add that we think it would be presumptuous of us, as a lower federal court, to engage in any further consideration of appellant's contention, because of another factor which exists in the situation.

Application for certiorari was made to the Supreme Court from the decision of the Court of Appeals for the Ninth Circuit, and the Supreme Court thus was faced directly with the question, presented to it on appellant's existing imprisonment and in the only manner that it could come before the Court from the lower federal courts, whether the holding of those courts, that the Kahn case had not been affected by any of the Supreme Court's subsequent decisions but still remained the law, should be permitted to stand. The Court's denial of certiorari seems to us in this situation, differently than such action on its part generally, to have a mandating significance, (a) because of the immediacy of the question in the particular proceeding, and (b) because of the nature of the consideration seemingly involved on its part from the setting out in the order denying certiorari that one of the Justices was of the opinion "that certiorari should be granted". Simcox v. Madigan, 370 U.S. 904, 82 S.Ct. 1593, 8 L.Ed.2d 830.

Appeal dismissed.