Virgil Lee SMITH, Appellant,

v.

Lawrence E. WILSON, Warden, California State Prison, Tamal, California, Appellee.

No. 21133.

United States Court of Appeals
Ninth Circuit.

Jan. 18, 1967.

Virgil Lee Smith, in pro. per.

Thomas C. Lynch, Atty. Gen. of Cal., Robert R. Granucci, Karl S. Mayer, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before HAMLIN, BROWNING and ELY, Circuit Judges.

HAMLIN, Circuit Judge.

This is an appeal from an order of the United States District Court for the Northern District of California, Southern Division, dated July 29, 1965, denying appellant's petition for a writ of habeas corpus. The district court did not issue an order to show cause nor did it hold a hearing.

Appellant has been convicted three times—on February 24, 1953, October 21,

1957, and December 3, 1963—of second degree robbery, a violation of California Penal Code section 211. On each occasion the California Superior Court sentenced him to the term prescribed by law, life imprisonment.[1] On the latter two convictions the act in question occurred while he was on parole.[2]

Appellant presently challenges only the December 3, 1963 conviction from which he did not appeal. In August, 1964, petitioner sought to file a petition for a writ of habeas corpus and to proceed in forma pauperis in the United States District Court for the Northern District of California, Southern Division. On August 28, 1964, the district court denied leave to proceed in forma pauperis and dismissed the petition because it did not show "petitioner has exhausted his remedies in the state courts."

Thereafter on September 11, 1964, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of California which was denied.

In a petition dated April 23, 1965, petitioner sought a writ of habeas corpus again in the United States District Court for the Northern District of California, Southern Division, and on July 23, 1965, submitted a motion to amend this petition. His substantive claim in this petition was that the state court "failed to protect the rights of petitioner when it failed to inquire into the question of petitioner's ability to intelligently waive counsel or to proceed in pro per," and

that later during the trial and at the time of his plea of guilty and his sentencing his constitutional rights were violated because of his lack of legal counsel. On July 29, 1965, the district court ruled as follows:

"Petitioner was indicted by the San Francisco grand jury on a charge of first degree robbery. Petitioner requested and was granted permission to proceed as his own counsel at the trial. During a recess at the trial, petitioner was offered a chance to enter a plea of guilty to second degree robbery, which he did. He now claims that the lack of counsel during the proceedings was a violation of his constitutional rights.

"Petitioner, having exhausted his state remedies applied for a writ of habeas corpus in this Court, No. 1099 Misc., setting forth the same grounds although in less detail. That petition was denied. Accordingly, this petition is also denied. 28 USC Sec. 2244."

Petitioner then moved the district court for a certificate of probable cause to appeal from this adverse decision. The court on December 1, 1965, denied the motion on the ground that petitioner's record indicated the two prior robbery convictions and that "absent a showing by petitioner that these prior terms have expired, this court is bound by the ruling of McNally v. Hill, 293 U.S. 131 [55 S.Ct. 24, 79 L.Ed. 238]"[3]

---

1. California Penal Code § 213 provides that robbery in the second degree is punishable by imprisonment in the state prison "for not less than one year." Section 671 of the same code provides:

"Whenever any person is declared punishable for a crime by imprisonment in the state prison for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, punishment of such offender shall be imprisonment during his natural life subject to the provisions of Part 3 of this code."

2. On December 18, 1963, his parole on the prior two convictions was revoked for reasons which do not appear in the record.

3. "Petitioner moves this Court to issue a certificate of probable cause to appeal an adverse decision in the above entitled matter. Petitioner claims he was denied the right to counsel in his December, 1963, conviction for second degree robbery. Standing alone this might be sufficient for the Court to grant the motion. However, petitioner's record indicates that he was convicted of second degree robbery in February 1953 and again in October, 1957, while he was on parole.

"Absent a showing by petitioner that these prior terms have expired, this Court is bound by the ruling of McNally v. Hill, 293 U.S. 131 [55 S.Ct. 24] (1934).

"Accordingly, this motion for a certificate of probable cause must be and is hereby denied."

Petitioner then filed a petition for rehearing and a supplement contending that the rule of McNally v. Hill "does not apply where probation or parole under a prior conviction was revoked solely because of the entry of a subsequent conviction."

On May 17, 1966, the district court acted on the petition for a rehearing by certifying that there is probable cause to appeal and granting petitioner's motion for leave to appeal in forma pauperis.[4]

An examination of the documents in the record shows that there are questions of fact which have not been resolved and which could be resolved by the issuance of an order to show cause and, if necessary, a hearing thereon.

◼ Petitioner filed a petition in the Supreme Court of California for a writ of habeas corpus after the district court had pointed out he had not exhausted his state remedies. However, in this petition he did not contend that his constitutional right to be represented by counsel at his 1963 conviction was violated; rather, he based the petition on an entirely different ground. In his reply brief petitioner contends that he filed a second petition to the California Supreme Court raising this question. The district court's order of July 29 assumes that petitioner has exhausted his state remedies. Appellee in his brief argues he has not. As the claimed second petition is not in the record on appeal we cannot pass on the question of whether petitioner has exhausted his state remedies.

◼ The order of July 29 dismissed the petition as repetitive of a prior similar petition under 28 U.S.C. § 2244.[5] Dismissal of a petition for a writ of habeas corpus is permissible if "(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148. See also 28 U.S.C. § 2244(b) as amended November 2, 1966, Public Law 89–711, 80 Stat. 1104. The prior petition relied upon by the court in dismissing the present petition under 28 U.S.C. § 2244 was not disposed of on its merits but was denied solely because petitioner had failed to exhaust his state remedies.

◼◼ Lastly, McNally v. Hill, 293 U. S. 131, 55 S.Ct. 24 cannot be relied upon to sustain the dismissal of this petition. The McNally doctrine precludes the issuance of the writ of habeas corpus when release from confinement would not result. Release would not result if petitioner were being held pursuant to a separate and valid conviction from the one he challenges. Although this doctrine would seem to preclude the issuance of a writ of habeas corpus in the present case,

4. "This Court on July 29, 1965, dismissed petitioner's application for a Writ of Habeas Corpus. On December 2, 1965, this Court denied petitioner's motion for a certificate of probable cause.

"Petitioner presently moves this Court for a rehearing on the denial of his motion for a certificate of probable cause. The Court has read said motion and a supplement to the motion and finds after reviewing the record that an appeal from its order dismissing the petition would not be frivolous. Accordingly, pursuant to 28 U.S.C. Sec. 2253 (1964) this Court certifies that there is probable cause to appeal.

"Pursuant to petitioner's affidavit that he is indigent and without funds, this Court grants his motion for leave to appeal in forma pauperis. 28 U.S.C. Sec. 1915 (1964)."

5. 28 U.S.C. § 2244 at the time of this dismissal read as follows:

"No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States, or of any State, if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry."

**684**

petitioner raised a valid exception by alleging that his parole from the prior convictions was revoked solely because of the latest conviction now challenged. Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034; Wilson v. Gray, 345 F.2d 282 (9th Cir. 1965). This is a factual issue which must be decided by the district court after issuing an order to show cause and, if necessary, conducting an evidentiary hearing.

The case is therefore remanded to the district court for the issuance of an order to show cause and, if necessary, a hearing for the purpose of resolving the exhaustion of state remedies and McNally v. Hill issues and, perhaps, the case on its merits.