**Johnny DIXON, Appellant,**

v.

**B. J. RHAY, Superintendent Washington State Penitentiary, Walla Walla, Washington, Appellee.**

No. 22095.

United States Court of Appeals Ninth Circuit.

June 26, 1968.

---

1. At argument it appeared that only the demand for home addresses is being resisted.

Johnny Dixon, in pro. per. for appellant.

John J. O'Connell, Atty. Gen., Olympia, Wash., for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and REAL,* District Judge.

HAMLEY, Circuit Judge:

Johnny Dixon, incarcerated in Washington State Penitentiary following his conviction and sentence for second degree burglary, appeals from a district court order denying his application for a writ of habeas corpus.

The application was denied, without hearing, on the ground that Dixon therein sought relief on the same ground urged in a prior habeas corpus application which had been denied. This was an adequate ground for denying the application if the prior determination was on the merits, and if the district judge was satisfied that the ends of justice would not be served by such further inquiry. See 28 U.S.C. § 2244(a) (1966); Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; Smith v. Wilson, 9 Cir., 371 F.2d 681, 683.

The prior application was filed on September 28, 1966, in Cause No. 2260, United States District Court, Eastern District of Washington, Southern Division. On October 12, 1966, the district court entered a five-page memorandum opinion and order denying that application. No hearing was held since the facts were undisputed and only questions of law were presented. Dixon did not perfect an appeal from that order.

On this appeal, Dixon does not assert that in this successive application he has raised any ground for relief that was not raised on his prior application, or that the prior application was not determined on the merits, or that the ends of justice will be served by a new inquiry. Nevertheless, we have examined the district court record in the prior habeas corpus proceeding and have ascertained to our satisfaction that none of these reasons for entering into a new inquiry exist in this case.

Dixon is a member of the Yakima Indian Tribe. The offense was committed within the boundaries of the Yakima Indian Reservation in the State of Washington, but on lands therein that are neither tribal nor allotted.

In his prior application, as in the one now before us, he premised his claim for habeas relief on the ground that the State of Washington had not proceeded in such manner as to acquire, validly, jurisdiction of members of the Yakima Tribe of Indians with respect to prosecution for the offense of burglary committed within the indicated part of the Yakima Indian Reservation.

Each argument advanced in his new application in support of the described ground for relief was presented in his prior application and was rejected on the merits in the prior order. We perceive no reason why the ends of justice would be served by a new inquiry into the same matters. See RCW 37.12.010, as amended in 1963; RCW 37.12.021; Quinault Tribe of Indians, etc. v. Gallagher, 9 Cir., 368 F.2d 648 and 655 (on rehearing); State v. Paul, 53 Wash.2d 789, 337 P.2d 33.

Affirmed.

* The Honorable Manuel Real, United States District Judge for the Central District of California, sitting by designation.