**George Martin BRADLEY, Appellant,**

v.

**Dr. P. J. CICCONE, Appellee.**

**No. 19337.**

United States Court of Appeals
Eighth Circuit.

April 15, 1969.

George M. Bradley, pro se.

Calvin K. Hamilton, U. S. Atty., Kansas City, Mo., and Frederick O. Griffin, Jr., Asst. U. S. Atty., for appellee.

Before BLACKMUN, MEHAFFY and HEANEY, Circuit Judges.

PER CURIAM.

George Martin Bradley, a federal prisoner, is presently confined at the Federal Medical Center, Springfield, Missouri, having been convicted by trial to a jury on two separate counts of an indictment charging violations of 18 U.S.C. § 2113 (a) and (d) (armed bank robbery). Bradley was tried, convicted and sentenced by the United States District Court for the Southern District of Iowa, but brought the instant petition for writ of habeas corpus in the United States District Court for the Western District of Missouri, Western Division, contending that the Missouri district court had jurisdiction by reason of his having exhausted his remedies under 28 U.S.C. § 2255 in the committing court.

Judge Elmo B. Hunter denied Bradley's petition in a memorandum and order holding that petitioner had not exhausted his remedies in the committing court as required under 28 U.S.C. § 2255, and dismissed the petition for writ of habeas corpus without prejudice to Bradley's right to avail himself of any remedy he might have in the committing court by way of a § 2255 motion. We affirm.

This is the second time that petitioner has been before this court, having previously appealed from an order of the committing court denying relief under 28 U.S.C. § 2255. In Bradley v. United States, 347 F.2d 121 (8th Cir. 1965), cert. denied, 382 U.S. 1016, 86 S.Ct. 628, 15 L.Ed.2d 530 (1966), we affirmed the decision of the United States District Court for the Southern District of Iowa, holding in a carefully considered per

curiam opinion that the order by Judge Stephenson (the sentencing court) denying Bradley's petition for relief under § 2255 was proper.

Judge Hunter noted in his memorandum opinion that, in the former appeal, Bradley had made the following contentions: (1) he was not competent to stand trial; (2) he was not given a proper hearing to determine his competency to stand trial; (3) the Government failed to sustain its burden of proving that he was sane at the time of the alleged offense; (4) he was not competent at the time of sentencing; and (5) his court-appointed counsel negligently and incompetently represented him.[1] These contentions were reasserted in the petition in the present case, and Judge Hunter, following the teachings of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963),[2] and in view of the relatively recent ruling of the Iowa district court against petitioner on the merits of these points, and affirmance by this court, determined that the ends of justice would not be served by reaching the merits of the present application insofar as it involves the points heretofore adjudicated.[3]

Judge Hunter also found that other contentions raised by petitioner had not been previously presented to the Iowa district court, and, therefore, had not been considered by the Iowa court. These contentions include failure to order a psychiatric examination during the time of the trial; failure to order a psychiatric examination which would include an inquiry into petitioner's mental capacity at the time of the offense; failure of the court to protect petitioner's right to due process of law; and failure to accord petitioner a mental hearing just prior to trial. These additional contentions are matters prematurely brought in the Missouri district court and Bradley must first avail himself of his remedy, if one exists, in the committing court by way of a § 2255 motion. The last paragraph of § 2255 provides that an application for writ of habeas corpus shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. See Glenn v. Ciccone, 370 F.2d 361 (8th Cir. 1966).

For the reasons stated, the judgment of the district court of Missouri denying the application for writ of habeas corpus is correct, and the judgment is affirmed.

---

1. We said in Bradley v. United States, 347 F.2d 121, 123 (8th Cir. 1965):
   "A review of the district court files convinces us that Bradley's court-appointed counsel was able and protective of every right possessed by the defendant. He displayed zeal, ingenuity, and competency."

2. The Supreme Court held in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068 (1963), that petitioner's successive applications were properly denied where he sought to retry a claim previously fully considered on its merits and decided against him and where the ends of justice would not be served by reaching the merits of the subsequent application.

3. Judge Hunter also cites Simcox v. Harris, 324 F.2d 376 (8th Cir. 1963), cert. denied, 377 U.S. 1006, 84 S.Ct. 1930, 12 L.Ed.2d 1055 (1964); Queen v. Page, 362 F.2d 543 (10th Cir. 1966); Duncan v. Carter, 299 F.2d 179 (9th Cir. 1962), cert. denied, 370 U.S. 952, 82 S.Ct. 1602, 8 L.Ed.2d 818 (1962). For more recent cases, see Dixon v. Rhay, 396 F.2d 760, 761 (9th Cir. 1968); Putt v. United States, 392 F.2d 64, 65, n. 1 (5th Cir. 1968), cert. denied, 393 U.S. 929, 89 S.Ct. 264, 21 L.Ed.2d 266 (1968).