Gerald Glen BOYDEN,
Petitioner–Appellant,

v.

Griffin BELL, Attorney General, and L. R. Putnam, Warden,
Respondents–Appellees.

Nos. 79–2647, 79–2701.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 1980.

Decided Oct. 23, 1980.

Gerald Glen Boyden, in pro per.

Kenneth R. Parker, Asst. U.S. Atty., Seattle, Wash., for respondents–appellees.

Before SNEED and FLETCHER, Circuit Judges, and JAMESON *, District Judge.

SNEED, Circuit Judge:

Gerald Glen Boyden appeals the district court's summary dismissal of his petition for a writ of habeas corpus pursuant to 18 U.S.C. § 3244.[1] Although appellant raises a number of issues, the primary one is whether U.S. authorities violated the implementing legislation[2] of the prisoner exchange treaty[3] (Treaty) between the United States and Canada in apportioning the remission credit of Boyden's Canadian sentence according to the time actually served in a foreign prison. We conclude that the proration of remission credit is required by law and affirm the dismissal in all respects. The record of this case conclusively shows that the appellant is entitled to no relief. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977);

---

* Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

1. Formerly classified 28 U.S.C. § 2256, 18 U.S.C. § 3244(3) confers jurisdiction upon the district court of the district in which the transferring prisoner is confined to hear any challenges to the manner of execution of a sentence imposed by a foreign court. 18 U.S.C. § 3244(5) confers jurisdiction upon this same court to hear challenges to the validity or legality of the offender's transfer.

2. Act of Oct. 28, 1977 Pub.L.No.95–144, 91 Stat. 1212; codified at 10 U.S.C. § 955; 18 U.S.C. §§ 3244, 4100–4115.

3. Treaty Between the United States of America and Canada on the Execution on Penal Sentences, —— U.S.T. ——, T.I.A.S. No. 9552 (July 19, 1977).

*United States v. Boniface*, 601 F.2d 390, 392 (9th Cir. 1979).

## I.

## FACTS

Boyden, a United States citizen, was convicted by a Canadian court in 1976 of smuggling heroin and sentenced to a term of twenty years. Boyden was classified by Canadian parole authorities as a first offender. In 1978, he applied for a transfer to a prison in the United States pursuant to the Treaty between the two countries.[4] On October 10, 1978, Boyden appeared with appointed counsel before a United States magistrate in Canada and was informed of the conditions of the transfer.[5] Boyden overtly consented to these conditions and was transferred on October 12, 1978. Pursuant to the Treaty,[6] U.S. authorities received a statement from Canadian prison officials that indicated Boyden was entitled to 1,827 days of statutory remission on his Canadian sentence. Relying upon 18 U.S.C. § 4105(c)(1),[7] U.S. authorities recalculated Boyden's Canadian statutory remission and credited him with 240 days for the portion of his sentence actually served in Canada up to the date of transfer. Boyden was also credited with 2,084 days of U.S. statutory good time[8] for the balance of the sentence to be served in the United States. In addition, Boyden was reclassified as a "recidivist offender" due to his prior criminal convictions in the United States.

On January 9, 1979, Boyden filed for habeas relief under 18 U.S.C. § 3244. The district judge referred the petition to a magistrate, whose recommendation of dismissal he adopted. Boyden appeals. This court's jurisdiction rests · on 28 U.S.C. § 1291.

■ Boyden argues, *inter alia*,[9] that U.S. authorities violated the implementing legislation (18 U.S.C. § 4100 *et seq.*) of the Treaty by denying him accrued remission credits and reclassifying him as a recidivist offender. He also claims that his transfer was invalid because his consent was "coerced" by the conditions of his Canadian confinement.

## II.

## REMISSION ISSUE

■ Canadian documents submitted by both parties indicate that Boyden was entitled to 1,827 days of statutory remission as of the date of his transfer to the United States. Boyden does not dispute the accuracy of this credit under Canadian law,[10] but does contest the reduction of his entitlement to a figure that is proportionate to the term of his sentence actually served in Canada. Boyden apparently contends that 18

4. Treaty, Art. III, para. 3.

5. 18 U.S.C. § 4108(b) provides that a transferring prisoner agrees not to challenge his conviction or sentence in the United States and to accept that the remainder of his sentence will be carried out according to the laws of the United States.

6. Treaty, Art. III, para. 8.

7. 18 U.S.C. § 4105(c)(1) provides in pertinent part:
   "[T]he transferred offender shall be entitled to all credits for good time, for labor or any other credit toward the service of the sentence which had been given him by the transferring country for time served *as of the time of transfer*. Subsequent to the transfer, the offender shall in addition be entitled to credits for good time computed on the basis of the time remaining to be served at the time

of the transfer and at the rate provided in section 4161 of this title ..."

8. 18 U.S.C. § 4161 provides that a prisoner sentenced to a term exceeding ten years is to be credited with statutory good time amounting to ten days per month of his sentence.

9. Boyden's claim that the implementing legislation as applied to him operates as an ex post facto law or as a bill of attainder is a characterization without substance and was properly dismissed by the district judge. The consequences of the Treaty could have been avoided by remaining in Canada.

10. Under F.R.C.P. 44.1, we note that this amount corresponds precisely to the statutory credit available to an offender serving a twenty year sentence under Canadian law applicable to that time. *See* Penitentiary Act, Rev.Stats. of Canada (1970) c. P–6, § 22(1).

U.S.C. § 4105(c)(1) entitles him to the entire amount of his Canadian remission in addition to the U.S. statutory remission available for the portion of his sentence to be served in the United States.

Neither the statute's plain meaning nor the purpose of Congress expressed in the legislation as a whole (18 U.S.C. § 4100 *et seq.*) persuades us that appellant is correct.[11] Section 4105(c)(1) provides that the transferred prisoner shall be entitled to all credits that "had been given . . . *for time served* as of the time of transfer." (Emphasis added). This entitlement is expressly limited to that portion of the sentence already served. Moreover, the second sentence of section 4105(c)(1) explains the limitation contained in the first sentence by providing for the substitution of a U.S. credit for the balance of the term to be served in the United States. The proration of remission credit is consistent with the Treaty[12] and companion legislation[13] that make the completion of a transferred prisoner's sentence subject to the law of the United States. Therefore we hold that the apportionment of a transferred prisoner's remission credit is consistent with 18 U.S.C. § 4105(c)(1). Under these circumstances, Boyden's claim did not require a hearing.

### III.

### OTHER ISSUES

■ Boyden's reclassification as a "recidivist offender" did not modify his sentence in violation of the Treaty and implementing legislation since it did not extend the sentence imposed by the Canadian court.[14] The Treaty provides that the reduction of the term of confinement by parole "shall be carried out according to the laws of the [United States].[15] Since U.S. authorities are required to consider a prisoner's criminal record[16] in determining an appropriate classification, the classification is not the basis for granting habeas relief.

■ Boyden's claim that he was denied the right to register and vote in the State of Washington while in custody at McNeil Island alleges an injury not recognizable in a habeas corpus proceeding. *See McNally v. Hill, Warden,* 293 U.S. 131, 138, 55 S.Ct. 24, 27, 79 L.Ed. 238 (1930); *Smith v. Wilson,* 371 F.2d 681, 683 (9th Cir. 1967). Even if Boyden's claim were decided in his favor, it would not have resulted in his release from custody.

■ Finally, Boyden's claim that his transfer was coerced was properly dismissed. Allegations of duress caused by the conditions of his confinement in the Canadian prison would not support a finding that this transfer was involuntary. *Pfeifer v. United States Bureau of Prisons,* 615 F.2d 873, 877 (9th Cir. 1980).

Affirmed.

---

11. Nor do we accept Boyden's argument that the proration of remission credit contravenes the "exclusive jurisdiction" of the Canadian courts under Art. V of the Treaty. Remission credits do not modify the term of a prisoner's sentence, but determine his release on parole. 18 U.S.C. § 4164; *accord McKinney v. Taylor,* 358 F.2d 689, 690 (10th Cir. 1966). Art. IV, para. 1 provides that the laws of the United States shall apply to the reduction of the term of imprisonment by parole.

12. Treaty, Art. IV, para. 1.

13. 18 U.S.C. §§ 3244, 4103, 4108(b)(2).

14. *See* note 11, *infra.*

15. Treaty, Art. IV, para. 1; 18 U.S.C. § 4108(b)(2).

16. 18 U.S.C. § 4207(2).