25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Steven GNIADEK, Petitioner-Appellant,
v.
G.E. HURST; U.S. Parole Commission, Respondents-Appellees.
 No. 93-6353.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1994.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court order denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2241. He moves for leave to proceed in forma pauperis on the appeal. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In February 1987, Steven Gniadek robbed a Kentucky bank. Shortly thereafter, he was arrested by Kentucky law enforcement officers and placed in a Kentucky county jail. In March 1987, Gniadek escaped from the jail, but was recaptured within minutes. In April 1987, Gniadek was arrested on federal bank robbery charges. He pleaded guilty to the federal charges and was sentenced to serve fifteen years of imprisonment. He was subsequently sentenced to serve a concurrent state sentence of five years for the escape.
 
 
 3
 In his petition for a writ of habeas corpus, Gniadek contended that the United States Parole Commission ("the Commission") improperly considered the offense conduct resulting in his escape conviction in setting his release date for the bank robbery conviction. Gniadek asserted that the rescission guidelines of 28 C.F.R. Sec. 2.36, for offenses committed after the commencement of sentence, do not apply because the escape occurred before the federal charges were filed. He alleged that he exhausted all administrative remedies prior to filing his petition in federal district court.
 
 
 4
 Upon review, we conclude that the petition was properly denied because Gniadek has not shown cause and prejudice to excuse his failure to pursue a timely appeal from the Commission's decision. See Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir.1986), cert. denied, 479 U.S. 1056 (1987).
 
 
 5
 Exhaustion of administrative remedies is a prerequisite to seeking judicial review under 28 U.S.C. Sec. 2241. Davis v. Keohane, 835 F.2d 1147, 1148 (6th Cir.1987) (per curiam). Review of the record shows that Gniadek did not appeal a January 23, 1990, decision that added 52 to 64 months, based on the escape, to the offense guideline range for time to be served prior to release. At a subsequent hearing, the Commission considered whether there were any significant changes to warrant a change in the parole recommendation; it found there were none. In his appeal from this later decision, Gniadek sought to challenge the prior determination approving the aggregate guideline range. The appeal was rejected as untimely.
 
 
 6
 Gniadek's failure to file a timely appeal constitutes a procedural default. See Sanchez, 792 F.2d at 697. The petition for federal habeas relief will not be considered unless Gniadek can establish both cause for and prejudice from his procedural default. See id. As cause, Gniadek maintains that he was improperly advised by counsel not to appeal the earlier decision. His argument lacks merit. Because the Sixth Amendment right to counsel does not extend to collateral post-conviction proceedings, see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), Gniadek's claim of ineffective assistance does not establish cause. Moreover, he has not alleged any external impediment to his ability to file a timely appeal. See McCleskey v. Zant, 499 U.S. 467, 493 (1991).
 
 
 7
 Additionally, Gniadek has not established prejudice. Review of a decision of the Commission is limited to a consideration of whether the Commission acted outside of its statutory and regulatory authority in arriving at its determination. Hackett v. United States Parole Comm'n, 851 F.2d 127, 130 (6th Cir.1987) (per curiam). Gniadek's argument that the rescission guidelines of 28 C.F.R. Sec. 2.36 do not apply is not persuasive. The Commission is authorized to apply the rescission guidelines to an escape offense where the escape offense is related to the underlying offense. See 28 C.F.R. Sec. 2.20, Subchapter B--Obstructing Justice. It is undisputed that Gniadek escaped while in custody for the bank robbery for which he was later convicted.
 
 
 8
 Accordingly, the motion for pauper status is granted and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.