106 F.3d 267
 97 Cal. Daily Op. Serv. 457, 97 Daily Journal
D.A.R. 707
Gerald BOYDEN, Petitioner-Appellant,
v.
Janet RENO, Attorney General of the United States of
America; U.S. Parole Commission, Respondents-Appellees.
 No. 95-55993.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Oct. 8, 1996.*
Decided Jan. 21, 1997.
 
 Gerald Boyden, pro se, Los Angeles, California, for petitioner-appellant.
 Brent A. Whittlesey, Assistant United States Attorney, Los Angeles, California, for respondents-appellees.
 Appeal from the United States District Court for the Central District of California, J. Spencer Letts, District Judge, Presiding. D.C. No. CV-94-03704-JSL.
 Before: BRUNETTI, TROTT and THOMAS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Federal prisoner Gerald Boyden appeals the district court's denial of his habeas corpus petition pursuant to 28 U.S.C. § 2241. Boyden contends that the district court should have quashed his United States Parole Commission ("Commission") warrant because: (1) the Commission was abolished by the Sentencing Reform Act; and (2) his Canadian sentence had expired under the terms of the Treaty between the United States and Canada on the Execution of Penal Sentences. We find no merit in either claim and affirm the district court.
 
 FACTS
 
 2
 Boyden was arrested on October 12, 1975 in Canada for smuggling heroin from Thailand. He was convicted on February 25, 1976 and sentenced to twenty years imprisonment, with credit for the time served following his arrest. He applied for a transfer to a prison in the United States pursuant to the Treaty between the United States and Canada on the Execution of Penal Sentences, T.I.A.S. No. 9552 (July 19, 1977) ("Treaty"). On October 12, 1978, Boyden was transferred to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4100. In 1986, he was paroled.
 
 
 3
 In December 1993, Boyden's case analyst recommended that the Commission issue a warrant alleging that petitioner had violated a number of parole conditions, including driving under the influence of alcohol, discharging a weapon in a negligent manner, and being a felon in possession of a firearm. Boyden was subsequently arrested and charged by the State of California with, among other things, being a felon in possession of a firearm. He was convicted in Los Angeles Superior Court and sentenced to three years in state prison on March 10, 1994.
 
 
 4
 On May 13, 1994, the case analyst supplemented the federal warrant application to include the state conviction. Following the case analyst's recommendation, the Commission issued a parole violation warrant against Boyden, which resulted in the issuance of a detainer against him by the U.S. Marshal. When Boyden was released from his state prison term, he was transferred to federal custody.
 
 Analysis
 
 5
 There are two issues presented in this appeal: (1) whether the parole violation warrant issued for petitioner should have been quashed because of the abolition of the Commission; and (2) whether the district court correctly concluded that the expiration of a parolee's foreign sentence is tolled when the Commission issues a valid parole violation warrant prior to the expiration of the sentence.
 
 
 6
 We review a district court's decision to grant or deny a petition for habeas corpus de novo. Mosa v. Rogers, 89 F.3d 601, 603 (9th Cir.1996).
 
 Validity of the Parole Violation Warrant
 
 7
 Boyden argues that the parole violation warrant issued by the Commission should have been quashed because the Commission was abolished by the Sentencing Reform Act, Pub.L. No. 98-473, 98 Stat. 2177 (1984). We disagree.
 
 
 8
 First, Congress has extended the Commission's existence until November 1, 1997. See Pub.L. No. 98-473 § 235(b), 98 Stat.2031 (1984), as amended by Pub.L. No. 101-650 § 316, 104 Stat. 5115 (1990) (set out as a note following 18 U.S.C. § 3551). The Commission continues to administer the sentences of persons like Boyden who were convicted before the Sentencing Reform Act became effective.
 
 
 9
 Second, the Commission acted under statutory authority when it issued a parole violator warrant against Boyden. Boyden was convicted of being a felon in possession of a firearm. Pursuant to 18 U.S.C § 4214(b)(1) (1996), conviction of a criminal offense while on parole constitutes probable cause to issue a detainer and to hold a parolee for parole revocation. See also 28 C.F.R. § 2.47(b) (1995); Hopper v. United States Parole Comm'n, 702 F.2d 842, 847 (9th Cir.1983). The parole violation warrant was properly issued.
 
 Sentence Tolling
 
 10
 Boyden claims his Canadian sentence expired twenty years after his arrest. Thus, he argues that the Commission could not extend his sentence past October 12, 1995.
 
 
 11
 Boyden bases his argument on Article IV(3) of the Treaty which provides:No sentence of confinement shall be enforced by the Receiving State in such a way as to extend its duration beyond the date at which it would have terminated according to the sentence of the court of the Sending State.[1]
 
 
 12
 However, Article IV(1) of the Treaty provides in relevant part that the computation of the transferred prisoner's sentence is to be done under the laws of Receiving State:
 
 
 13
 Except as otherwise provided in this Treaty, the completion of a transferred Offender's sentence shall be carried out according to the laws and procedures of the Receiving State, including the application of any provisions for reduction of the term of confinement by parole, conditional release or otherwise.
 
 
 14
 Article IV(1) and Article IV(3) of the Treaty do not conflict. As the Fifth Circuit noted, the "date at which it would have terminated" refers not to a specific date but rather to the duration of the sentence. Powell v. United States Bureau of Prisons, 695 F.2d 868, 870 (5th Cir.), cert. denied, 464 U.S. 832, 104 S.Ct. 113, 78 L.Ed.2d 114 (1983).
 
 
 15
 Thus, although Boyden's sentence cannot be extended by the United States beyond the Canadian sentence term, United States law governs the effect of a parole violation on computation of the sentence. Under United States law, a parolee's sentence is tolled following the issuance of a parole violator warrant. 28 C.F.R. § 2.44(d) (1995); see also Russie v. United States Dep't of Justice, 708 F.2d 1445, 1448 (9th Cir.1983). Thus, pursuant to United States sentencing law, Boyden's sentence will not expire until he serves the balance of the sentence which remained when he was paroled.
 
 
 16
 Boyden's claim that Canadian law supersedes United States sentencing rules is somewhat disingenuous given the conditions of his voluntary transfer to the United States. On October 10, 1978, Boyden appeared with appointed counsel before a United States magistrate and was informed of the conditions of his transfer. Boyden v. Bell, 631 F.2d 120, 122 (9th Cir.1980), cert. denied, 454 U.S. 1051, 102 S.Ct. 618, 70 L.Ed.2d 604 (1981). Boyden agreed not to challenge his conviction or sentence in the United States and to accept that the remainder of his sentence would be carried out according to the laws of the United States. Id. at 122 n. 5.
 
 
 17
 Boyden's sentence was properly tolled for the period during which there was an outstanding parole violation warrant. Because of this tolling, Boyden's Canadian sentence did not expire on October 12, 1995.
 
 
 18
 For these reasons, the order of the District Court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 [1]
 As defined in Article I of the Treaty, "Sending State" means "the Party from which the Offender is to be transferred." "Receiving State" means "the Party to which the Offender is to be transferred."