**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 3 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES EDWARD VERNER,

      Petitioner - Appellant,

v.

JANET RENO, U. S. Attorney
General, and WARDEN
HERSHBERGER,

      Respondents - Appellees.

No. 98-1119

(D.C. No. 97-Z-1338)

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

      After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

      Petitioner, a United States citizen, is currently serving three life sentences for murders he committed in Canada. These sentences were imposed in 1976,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1985, and 1989. Petitioner began serving his sentences in Canada, but in 1990 he was transferred at his own request to the United States to serve the remainder of his sentences. This transfer was effected pursuant to the Treaty on the Execution of Penal Sentences between the United States and Canada, Mar. 2, 1977, U.S.-Can., 30 U.S.T. 6263.

In June 1996, the United States Parole Commission held two separate hearings to consider Petitioner's parole eligibility. With respect to his 1976 and 1985 sentences, the Commission denied Petitioner parole and scheduled a reconsideration hearing for June 2011. In a separate hearing, the Commission determined that the United States Sentencing Guidelines, as opposed to Canadian sentencing laws, governed Petitioner's 1989 sentence. The Commission explained that the Guidelines prescribed life without parole for the crime underlying the 1989 sentence and that it would not depart from that prescription.

Shortly after his parole hearings, Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the application, Petitioner challenged the Commission's dispositions of each of his sentences and argued that his consent to his transfer from Canada to the United States was invalid because he did not understand that his 1989 sentence would be subject to the sentencing guidelines of the United States. On November 3, 1997, the magistrate judge recommended dismissal of Petitioner's application, and on March 4, 1998,

the district court adopted the magistrate judge's recommendation and dismissed the petition. Subsequently, the district court denied Petitioner leave to proceed in forma pauperis on appeal.[1]  In this appeal, Petitioner seeks leave to appeal in forma pauperis and challenges the district court's dismissal of his habeas corpus petition.

Based on our review of Petitioner's application and supporting materials, we conclude that he has demonstrated an inability to pay the required fees and has asserted a nonfrivolous argument in support of the issues he raises on appeal.  See DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).  Therefore, we grant Petitioner leave to proceed in forma pauperis on appeal.[2]

With respect to Petitioner's claim that the Commission incorrectly calculated his 1989 sentence, the magistrate judge correctly concluded that the district court did not have jurisdiction to address the merits of the claim.  When Petitioner filed his habeas corpus petition, his direct appeal concerning the Commission's determination of his 1989 sentence was already pending before this

---

[1]The district court also denied Petitioner a certificate of appealability. However, a certificate of appealability is not required to appeal a final order in a 28 U.S.C. § 2241 proceeding.  See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 n.1 (10th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 165-66 (10th Cir. 1996).

[2]We note that 28 U.S.C. § 1915(a)(2) and (b) do not apply to § 2241 proceedings.  See McIntosh, 115 F.3d at 812.

court.[3]

The magistrate judge also correctly determined that Petitioner's claims regarding his 1976 and 1985 sentences were not properly before the court because he had not exhausted the Bureau of Prison administrative remedies available to him. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (A petitioner "is required to exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241."); Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986) (explaining that judicial intervention in habeas corpus proceedings is generally deferred until administrative remedies have been exhausted). Petitioner could have filed an administrative appeal to the National Appeals Board of the United States Parole Commission pursuant to 28 C.F.R. § 2.26,[4] but he did not. In requiring Petitioner to exhaust his administrative remedies, we are cognizant that his appeal before the Board may be time-barred under the applicable regulations. See 26 C.F.R. § 2.26(a) & (d). However, "until he actually appeals and that appeal is acted on, we do not know what the appeals board will do with

---

[3]In Verner v. United States Parole Comm'n, 150 F.3d 1172 (10th Cir. 1998), petition for cert. filed (U.S. Oct. 19, 1998) (No. 98-6575). This court affirmed the Commission's determination of Petitioner's 1989 sentence.

[4]In his recommendations, the magistrate judge incorrectly stated that the appropriate administrative avenue for review of Petitioner's complaints regarding his 1976 and 1985 sentences was pursuant to 28 C.F.R. §§ 542.10-542.19, which apply to complaints involving "aspect[s] of confinement." Petitioner's claims are appealable pursuant to 28 C.F.R. §§ 2.1-2.67, which govern parole-related complaints.

[Petitioner's] claim[s], and until the appeals board has been given an opportunity to act, [Petitioner] has not exhausted his administrative remedies. . . . In short, [Petitioner] has not shown that such an appeal would be futile." Fuller, 11 F.3d at 62 (internal citations omitted). But see Gniadek v. Hurst, 25 F.3d 1048 (6th Cir. 1994) (Table) (holding that failure to file timely appeal of Parole Commission decision constituted procedural default of administrative remedy). We conclude that the district court properly dismissed Petitioner's challenges to his 1976 and 1985 sentences. Although neither the magistrate judge nor the district court explicitly so stated, we hold that Petitioner's claims regarding his 1976 and 1985 sentences are dismissed without prejudice. See Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997) (explaining that courts typically should dismiss petitions containing unexhausted claims without prejudice).

Because we dismiss Petitioner's unexhausted claims, we must determine whether the district court properly addressed the merits of his remaining claim, which involves the validity of his consent to transfer to the United States. The Supreme Court has stated that "a district court must dismiss [28 U.S.C. § 2254] habeas petitions containing both unexhausted and exhausted claims." Rose v. Lundy, 455 U.S. 509, 522 (1982). However, "[t]he rule in Rose is not absolute." Harris v. Champion, 48 F.3d 1127, 1131 n.3 (10th Cir. 1995). The first exception to the rule requiring dismissal of mixed petitions allows a court to

address exhausted claims when it determines that the unexhausted claims would be procedurally barred. See id. (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). The second exception applies "when the state fails to raise the issue of exhaustion and the court determines that 'the interests of comity and federalism will be better served by addressing the merits [of any exhausted claims] forthwith [than] by requiring a series of additional . . . proceedings before reviewing the merits of the petitioner's claim.'" Id. (quoting Granberry v. Greer, 481 U.S. 129, 134 (1987)). We conclude that the district court's review of the merits of Petitioner's claim was proper under the second exception. Although the Government raised the issue of exhaustion before the district court, it did not raise the rule requiring dismissal of mixed petitions nor did it argue that the district court should not have addressed the merits of the consent claim. Therefore, we proceed to the merits of Petitioner's remaining claim.

We review the factual findings underlying the district court's determination that Petitioner's consent was voluntary under the clearly erroneous standard. See United States v. Nguyen, 155 F.3d 1219, 1222 (10th Cir. 1998). We review the court's legal conclusions de novo. See id. The record indicates that Petitioner's transfer hearing was conducted before a magistrate judge who informed Petitioner that if he consented to the transfer, his sentences would be subject to the parole rules of the United States. While Petitioner would have been eligible for parole

-6-

after twenty-five years on his 1989 conviction if he had remained in Canada, he would not be eligible for parole on that conviction under the United States Sentencing Guidelines. In accordance with these facts, the magistrate judge repeatedly explained and sought to ensure that Petitioner understood that he would lose the possibility of parole accompanying his 1989 sentence if he consented to the transfer. See R., File 1, Exh. K at 8-11. After receiving this information, Petitioner consented to the transfer. See id. at 22-25.

Notwithstanding the clear manner in which Petitioner was informed of his rights at the transfer hearing, he claims that his consent to the 1990 transfer was involuntary because he had relied on an outdated version of a booklet describing the terms of the Treaty. He argues that, as a result of his reliance on the booklet, he was unaware that his 1989 sentence would be governed by the United States Sentencing Guidelines after his transfer. Petitioner contends that the failure of Canadian prison officials to provide him with an up-to-date booklet describing the terms of the Treaty was fraudulent, breached the terms of a contract, and rendered his consent to the transfer involuntary.

We fail to see any merit in these arguments. Regardless of whether he was given an out-of-date booklet about the Treaty, Petitioner was carefully informed of the likely effects of his transfer on his 1989 sentence at his transfer hearing. We agree with the magistrate judge's conclusion, reflected in the transcript of the

transfer hearing, that Petitioner understood the consequences of his transfer and voluntarily consented to the transfer. Accordingly, we affirm the dismissal of the petition.

Petitioner's motion for leave to proceed in forma pauperis on appeal is GRANTED. We AFFIRM the district court's dismissal without prejudice of Petitioner's claims involving the Commission's determinations of his 1976, 1985, and 1989 sentences. We also AFFIRM the district court's dismissal with prejudice of Petitioner's claim involving his consent to transfer to the United States. Petitioner's Motions for Appointment of Counsel on Appeal and for Order for Discovery and Production of Documents are DENIED.

Entered for the Court


Monroe G. McKay
Circuit Judge