**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 29, 2006**

**TENTH CIRCUIT**

JAMES EDWARD VERNER,

      Petitioner - Appellant,

v.

ATTORNEY GENERAL; ROBERT
WILEY, Warden, United States
Penitentiary - Max, Florence,
Colorado,

      Respondents - Appellees.

No. 06-1063
(D.C. No. 05-Z-2092)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MCKAY**, and **LUCERO**, Circuit Judges.[**]

---

Petitioner James Edward Verner, a federal inmate appearing pro se, seeks

to appeal from the district court's denial of his habeas corpus petition filed

pursuant to 28 U.S.C. § 2241. Mr. Verner claims that his consent to be

transferred from the Canadian prison system to the United States prison system

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

was ineffective. He argues the district court improperly dismissed his petition as successive, by (1) usurping the government's burden of pleading that this was a successive petition by issuing an order to show cause rather than requiring the government to respond, and (2) not considering the merits of his claims. The district court denied Mr. Verner IFP status on appeal based on the absence of a reasoned, non-frivolous argument, concluding that the appeal was not taken in good faith. 28 U.S.C. § 1915(a)(3).

Mr. Verner is a United States citizen serving three life sentences for murder convictions in Canada. In 1990, Mr. Verner requested a transfer from Canada to the United States. The magistrate judge who handled Mr. Verner's request repeatedly explained to Mr. Verner that as a result of the transfer, he would lose the possibility of parole on one of his convictions. Mr. Verner consented. In 1996, the United States Parole Commission denied Mr. Verner's application for parole, and this court affirmed. Verner v. U.S. Parole Comm'n, 150 F.3d 1172 (10th Cir. 1998).

In 1997, Mr. Verner filed a § 2241 petition challenging the underlying sentences and his consent to be transferred. The district court dismissed the petition and this court affirmed, finding that Mr. Verner's consent to be transferred was given voluntarily. Verner v. Reno, No. 98-1119, 1998 WL 792059, at *3 (10th Cir. Nov. 3, 1998). In this petition, Mr. Verner once again argues that his consent to transfer was ineffective, and raises for the first time a

claim of actual innocence in support of his claim that a fundamental miscarriage of justice will occur if this court does not consider his case on the merits.  The district court dismissed the petition as successive.  See 28 U.S.C. § 2244(a); George v. Perrill, 62 F.3d 333, 335 (10th Cir. 1995) (applying abuse of the writ principles to § 2241 actions).

A district court properly dismisses a § 2241 petition as successive if a federal court has previously determined the validity of the petitioner's detention in a prior proceeding and no new claim is raised, or a new claim is raised that could have been raised previously, and the petitioner fails to demonstrate cause and prejudice or a fundamental miscarriage of justice.  McCleskey v. Zant, 499 U.S. 467, 483-85 (1991); George, 62 F.3d at 335 (10th Cir. 1995).  Provided the inmate is given notice and the opportunity to respond (as occurred here), the district court may raise the issue of successiveness sua sponte.  United States v. Barajas-Diaz, 313 F.3d 1242, 1246 (10th Cir. 2002) (district court could raise procedural bar sua sponte, provided inmate given notice and an opportunity to respond).

The district court correctly determined that Mr. Verner's petition was successive because he raised an identical claim in a previous petition and the court addressed the claim on its merits.  Verner, 1998 WL 792059, at *3.  To the extent Mr. Verner did not previously raise his  claim that duress invalidated his consent, he has presented no reason to justify his failure to raise it in the previous

action. Regardless, allegations of duress in a foreign prison would not support a finding that the transfer was involuntary. See Boyden v. Bell, 631 F.2d 120, 123 (9th Cir. 1980).

Mr. Verner, though he concedes he must bring any claim challenging the validity of his conviction in a Canadian court, 18 U.S.C. § 3244(1), urges us to consider his assertion of actual innocence in our fundamental miscarriage of justice analysis. Because Mr. Verner does not challenge the validity of his underlying conviction, a fundamental miscarriage of justice inquiry is not appropriate. See Schlup v. Delo, 513 U.S. 298, 320-21 (1995) ("To ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving, this Court explicitly tied the miscarriage of justice exception to the petitioner's innocence."). Regardless, as the district court observed, Mr. Verner provides insufficient support for his claim. The fact that a Canadian court overturned the convictions of his co-defendants because of prosecutorial misconduct is not enough to support an actual innocence claim. In any event, the convictions were overturned in 1992– well before Mr. Verner's first 1997 habeas petition– and as such, that fact is not "new." See Schlup, 513 U.S. at 324 (requiring a petitioner to support allegation of constitutional error with new reliable evidence).

Accordingly, we DENY the motion to proceed in forma pauperis and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge